IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SPRINT COMMUNICATIONS COMPANY L.P., <br><br> Plaintiff, <br><br> v. <br><br> CHARTER COMMUNICATIONS, INC., CHARTER COMMUNICATIONS HOLDINGS, LLC, SPECTRUM MANAGEMENT HOLDING COMPANY, LLC, CHARTER COMMUNICATIONS OPERATING, LLC, BRIGHT HOUSE NETWORKS, LLC, <br><br> Defendant. | C.A. No.: 17-1734-RGA |

## **MEMORANDUM ORDER**

Plaintiff Sprint Communications Company L.P. ("Sprint") objects to the Special Master's decision to deny Sprint's motion to compel Defendant Charter Communications, Inc. ("Charter") to designate its in-house patent counsel as an ESI custodian in the present case. (D.I. 131). Charter responds in support of the Special Master's decision. (D.I. 134). The Court reviews all factual and legal conclusions of the Special Master *de novo*. FED. R. CIV. PRO. 53(f). Upon this review, the Court affirms the decision of the Special Master.

Sprint argues that the Special Master erred in permitting Charter to not designate Abramov, Charter's in-house patent counsel, as an ESI custodian. (D.I. 131 at 1). First, Sprint alleges that Abramov has "unique personal knowledge on the issues of willfulness, equitable estoppel, and damages" that could not otherwise be discovered. (*Id.*). Sprint alleges that the

1

relevance of the information sought is undisputed, whereas its alleged privileged nature must be proven by Charter. (*Id.* at 2-3) (citing *Delaware Display Grp. LLC v. Lenovo Grp. Ltd.*, 2016 WL 720977, at *2 (D. Del. Feb. 23, 2016)). Sprint emphasizes that Charter's claims of undue burden are tardy, continually evolving, and unsupported. (*Id.* at 3). Sprint notes that the Special Master failed to consider other factors in FED. R. CIV. P. 26 – (1) the importance of the issues, (2) the amount in controversy, (3) the parties' relative ease of access to the materials, (4) the parties' resources, and (5) the importance of discovery – and that those factors weigh in favor of Abramov being designated an ESI custodian. (*Id.* at 5-6). Many of the ESI custodians selected by Charter are engineers, who provide allegedly redundant and technical material, when the equitable defenses of Charter inject non-technical issues. (*Id.* at 9). Sprint also indicates that Time Warner Company ("TWC"), Charter's now-subsidiary, had previously been "caught" incorrectly labeling documents as privileged in similar cases. (*Id.* at 7).

Abramov may have relevant and discoverable documents, but the Special Master properly weighed the potential benefits to the parties against the burden to Charter in gathering the ESI, filtering through the ESI for what is privileged, and then cataloging it. (D.I. 123 at 1-2). The possibility of finding discoverable information in Abramov's ESI is outweighed by the $100,000 or more Charter would have to spend on creating a privilege log if Abramov is an ESI custodian. (D.I. 134 at 8). This burden was substantiated by declaration. (D.I. 135, ¶ 8). Despite Charter's extensive resources, a party's resources "do not . . . justify unlimited discovery requests addressed to a wealthy party." Advisory Committee Notes, 2015 Amendment, FED. R. CIV. P. 26. Charter has provided discovery regarding Abramov's knowledge of Sprint's patents prior to preparation for trial and has expressed willingness to provide further discovery that is deemed necessary. (D.I. 134 at 9-10). The equitable estoppel defense is withdrawn. (*Id.* at 1 n.

2

2). Sprint's mention of the bad claims of privilege by Charter's affiliates (D.I. 131 at 7) is immaterial and unconvincing. Charter's response that Sprint is just as bad does not help. (D.I. 134 at 6-7). Sprint will have further opportunities to obtain the evidence it seeks that do not involve Charter creating a privilege log that random testing has shown will not likely provide much of use. (*Id.* at 8).

For the foregoing reasons, the Special Master's decision to deny Sprint's motion to compel the designation of Abramov as an ESI custodian affirmed.

IT IS SO ORDERED this 15 day of July 2019.

Richard G. Andrews
United States District Judge