AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Delaware

| | |
|---|---|
| Sprint Communications Company L.P., <br> *Plaintiff* <br> v. <br> Charter Communications, Inc., Charter Communications Holdings, LLC, et al. <br> *Defendant* | ) ) ) ) ) ) ) Civil Action No. 17-1734-RGA |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Paul Woelk

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A

| Place: Veritext Legal Solutions <br> 1250 Broadway, Suite 2400 <br> New York, NY 10001 | Date and Time: <br> 09/10/2019 5:00 pm |
|---|---|

☑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: See Exhibit A | Date and Time: <br> 09/10/2019 9:00 am |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 08/27/2019

*CLERK OF COURT*

OR _____

*Signature of Clerk or Deputy Clerk*   *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Sprint Communications Company L.P. , who issues or requests this subpoena, are:
Michael W. Gray; Shook, Hardy & Bacon L.L.P., 600 Travis, Ste. 3400, Houston, TX 77002; mgray@shb.com; Tel: (713) 227-8008

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 17-1734-RGA

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

## DEFINITIONS

1. "You" and "Your" means Paul Woelk, the individual.

2. Charter means Charter Communications, Inc., Charter Communications Holdings, LLC, Spectrum Management Holding Company, LLC, Charter Communications Operating, LLC, Bright House Networks, LLC, as well as predecessors, subsidiaries, parents and affiliates thereof, and all past and present directors, officers, agents, employees, consultants, representatives, and others acting on their behalf.

3. Sprint means any Sprint entity, including but not limited to Sprint Communications Company, L.P. and Your employer from the 2003 to 2009 timeframe.

4. Document is defined to be synonymous in meaning and equal in scope to the usage of the term in Rule 34(a) of the Federal Rules of Civil Procedure and includes computer records in any format. By way of further explanation, "Document(s)" shall mean all non-identical copies of material of every kind and description which are recorded by handwriting, printing, typing, photographing, photostatting, graphic representation, mechanical, electronic, magnetic, or any other means of recording, any form of communication, information or representation, including letters, words or numbers or their equivalent, electronic mails (e-mails), text messages, or data compilations of any sort whatsoever. The term "document(s)" is therefore defined to include, among other things, information stored on electronic media, videotapes, motion pictures, computer data, and any other electronic, mechanical or magnetic records or representations of any kind, including without limitation all tapes, cassettes, magnetic, optical or other discs,

1

magnetic cards, e-mail, USB drives, and recordings. A draft or non-identical copy is a separate document within the meaning of this term.

5. Correspondence means, but shall not be limited to, any letter, telegram, telex, TWX, facsimile, e-mail, notice, message, text message, memorandum or other written communication or transcription of notes of a communication.

6. Communication means any written, oral or other transmission of fact, information, ideas or opinion, including, but not limited to, any utterance, notation, questions, commands, interjection, expression, gesture, suggestive conduct or statement of any nature whatsoever, any conversation (whether by telephone or otherwise), and any meeting and also including, but not limited to, correspondence, financial records, corporate records, reports, and documents as defined immediately above.

7. Frontier means Frontier Communications Corporation as well as predecessors, subsidiaries, parents and affiliates thereof, and all past and present directors, officers, agents, employees, consultants, representatives, and others acting on their behalf.

8. Mediacom means Mediacom Communications Corporation as well as predecessors, subsidiaries, parents and affiliates thereof, and all past and present directors, officers, agents, employees, consultants, representatives, and others acting on their behalf.

9. WideOpenWest means Wideopenwest, Inc., Wideopenwest Networks, Inc., and Wideopenwest Finance, LLC, as well as predecessors, subsidiaries, parents and affiliates thereof, and all past and present directors, officers, agents, employees, consultants, representatives, and others acting on their behalf.

10. RCN Defendants means Grande Communications Networks, LLC, RCN Telcom Services, LLC, WaveDivision Holdings, LLC, and Radiate Holdings, L.P., and their

present and former officers, directors, employees, trustees, agents and representatives of the companies, as well as their parents, subsidiaries, affiliates or other commonly controlled entities.

11. Atlantic Broadband means Atlantic Broadband Finance, LLC, Atlantic Broadband (CT), LLC, Atlantic Broadband (Delmar), LLC, Atlantic Broadband (Miami), LLC, Atlantic Broadband (NH-ME), LLC, Atlantic Broadband (Penn), LLC, Atlantic Broadband (SC), LLC, and MetroCast Cablevision of New Hampshire, LLC, and their present and former officers, directors, employees, trustees, agents and representatives of the companies, as well as their parents, subsidiaries, affiliates or other commonly controlled entities, as well as predecessors.

12. Cequel means Cequel Communications, LLC D/B/A Suddenlink Communications, CSC Holdings, LLC D/B/A Optimum- Cablevision, And Altice USA, Inc., as well as predecessors, subsidiaries, parents and affiliates thereof, and all past and present directors, officers, agents, employees, consultants, representatives, and others acting on their behalf.

13. The term "Defendant" means any or all of the entities identified in paragraphs 1 through 8 above.

14. "Prior Litigation" means any and all of these lawsuits:

   a. *Sprint Communications Co. L.P. v. Vonage Holdings Corp. et al.*, Case No. 05-2433-JWL (D. Kan.);

   b. *Sprint Communications Co. L.P. v. Paetec Holding Corp. et al.*, Case No. 08-cv-2044-JWL/GLR (D. Kan.);

    c. *Sprint Communications Co. L.P. v. Broadvox Holdings, LLC et al.*, Case No. 08-cv-2045-JWL/DJW (D. Kan.);

    d. *Sprint Communications Co. L.P. v. Big River Telephone Co., LLC*, Case No. 08-cv-2046-JWL/DJW (D. Kan.);

    e. *Sprint Communications Co. L.P. v. Nuvox, Inc. et al.*, Case No. 08-cv-2047-JWL/JPO (D. Kan.);

    f. *Sprint Communications Co. L.P. v. Cox Communications, Inc., et al.*, Case No. 11-cv-2683-JWL (D. Kan.);

    g. *Sprint Communications Co. L.P. v. Comcast Cable Communications, LLC et al.*, Case No. 11-cv-2684-JWL (D. Kan.);

    h. *Sprint Communications Co. L.P. v. Cable One, Inc.*, Case No. 11-cv-2685-JWL (D. Kan.); and

    i. *Sprint Communications Co. L.P. v. Time Warner Cable Inc., et al.*, Case No. 11-cv-2686-JWL (D. Kan.).

15. "Sprint Patents" means any and all of these U.S. patents: 6,343,084, 6,633,561, 6,463,052, 6,452,932, 6,473,429, 6,298,064, 6,330,224, 6,697,340, 7,286,561, 7,505,454, 7,327,728, 7,324,534, 7,693,131, 6,563,918, and 6,999,463.

16. "Pending Litigation" means any and all of these lawsuits:

    a. *Sprint Communications Company L.P. v. Charter Communications, Inc. et al.*, case 1:17-cv-01734-RGA, filed in the Federal District Court for the District of Delaware;

b. *Sprint Communications Company L.P. v. Frontier Communications Corporation*, case 1:18-cv-00536-RGA, filed in the Federal District Court for the District of Delaware;

c. *Sprint Communications Company L.P. v. Grande Communications Network, LLC*, et al., case 1:18-cv-00363-RGA, filed in the Federal District Court for the District of Delaware;

d. *Sprint Communications Company L.P. v. Mediacom Communications Corp.*, case 1:17-cv-01736-RGA, filed in the Federal District Court for the District of Delaware;

e. *Sprint Communications Company L.P. v. WideOpenWest, Inc., et al.*, case 1:18-cv-00361-RGA, filed in the Federal District Court for the District of Delaware;

f. *Sprint Communications Company L.P. v. Atlantic Broadband Finance, LLC et al.*, case 1:18-cv-00362-RGA, filed in the Federal District Court for the District of Delaware; and

g. *Sprint Communications Company L.P. v. Cequel Communications, LLC et al.*, case 1:18-cv-01752-RGA, filed in the Federal District Court for the District of Delaware.

## DOCUMENT REQUESTS

1. All agreements (including drafts) between You and any Defendant, including but not limited to any and all employment agreements and employment manuals.

2. All agreements (including drafts) between You and Sprint, including but not limited to any and all employment agreements and employment manuals.

3. All communications between You and any Defendant from January 1, 2008 through the present day that refer or relate to Sprint, any Sprint product or service, or any Sprint entity.

4. All documents in Your possession, custody, or control that originated at Sprint before or during the time you were employed at Sprint.

5. All documents in Your possession, custody, or control that you took from Sprint when you left Sprint's employment, regardless of origin.

6. All documents and communications discussing or attaching any document that originated at Sprint before or during the time you were employed at Sprint.

7. All documents and communications discussing or attaching any document that you took from Sprint when you left Sprint's employment, regardless of origin.

8. All documents and communications containing any information that originated at Sprint.

9. All documents and communications referring or relating to any Pending Litigation.

10. All documents and communications referring or relating to any Previous Litigation.

11. All documents and communications referring or relating to any Sprint Patent.

12. Documents sufficient to identify all email addresses You have used since January 1, 2008, including for work use and personal use.

13. All documents and communications relating to Sprint's efforts to provide voice-over-IP telephone services to cable company customers, including, but not limited to, the technical aspects of how Sprint provided (or proposed providing) voice-over-IP telephone services on behalf of cable companies, and all financial information related to how Sprint provided (or proposed providing) such services.

14. A forensic copy (to be created by Sprint's forensic expert) of all computers, storage devices, and electronic media in Your possession, custody, or control beginning from January 1, 2008.

15. A copy of any forensic image You have made, or have had made, of all computers, storage devices, and electronic media in Your possession, custody, or control beginning from January 1, 2008.

## INSPECTION REQUESTS

1. Sprint requests that You make available to Sprint's computer forensic evidence expert all computers, storage devices, and electronic media in Your possession, custody, or control beginning from January 1, 2008. Sprint's computer forensic evidence expert will create an image (copy) of all such computers, devices, and media and preserve all such images.