**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| SPRINT COMMUNICATIONS COMPANY L.P., *Plaintiff*, v. CHARTER COMMUNICATIONS, INC., *et al.*, *Defendants*. | C.A. No. 17-1734-RGA **REDACTED VERSION** |
| SPRINT COMMUNICATIONS COMPANY L.P., *Plaintiff*, v. MEDIACOM COMMUNICATIONS CORP., *Defendants*. | C.A. No. 17-1736-RGA **REDACTED VERSION** |
| SPRINT COMMUNICATIONS COMPANY L.P., *Plaintiff*, v. WIDEOPENWEST, INC. *et al.*, *Defendants*. | C.A. No. 18-361-RGA **REDACTED VERSION** |
| SPRINT COMMUNICATIONS COMPANY L.P., *Plaintiff*, v. ATLANTIC BROADBAND FINANCE, LLC *et al.*, *Defendants*. | C.A. No. 18-362-RGA **REDACTED VERSION** |
| SPRINT COMMUNICATIONS COMPANY L.P., *Plaintiff*, v. GRANDE COMMUNICATIONS NETWORKS, LLC *et al.*, *Defendants*. | C.A. No. 18-363-RGA **REDACTED VERSION** |

**DEFENDANTS' OPENING BRIEF IN SUPPORT OF
ITS MOTION TO STRIKE PORTIONS OF SPRINT'S EXPERT REPORTS**

OF COUNSEL:

David S. Benyacar
Daniel L. Reisner
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019
(212) 836-8000
david.benyacar@arnoldporter.com
daniel.reisner@arnoldporter.com

Gregory Arovas
Jeanne M. Heffernan
Ryan Kane
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
(212) 446-4800
garovas@kirkland.com
jheffernan@kirkland.com
ryan.kane@kirkland.com

Luke L. Dauchot
Kirkland & Ellis LLP
333 South Hope Street
Los Angeles, CA 90071
(213) 680-8400
ldauchot@kirkland.com

Bao Nguyen
Kirkland & Ellis LLP
555 California Street
San Francisco, CA 94104
(415) 439-1400
bnguyen@kirkland.com

Kelly E. Farnan (#4395)
Valerie A. Caras (#6608)
Richards, Layton & Finger, P.A.
920 N. King Street
One Rodney Square
Wilmington, DE 19801
(302) 651-7700
farnan@rlf.com
caras@rlf.com

*Attorneys for Defendants Charter Communications, Inc., Charter Communications Holdings, LLC, Spectrum Management Holding Company, LLC, Charter Communications Operating LLC and Bright House Networks, LLC*

| | |
|---|---|
| OF COUNSEL:<br><br>Robinson Vu<br>Natalie Alfaro Gonzales<br>Lindsay Volpenhein Cutié<br>Amy E. Bergeron<br>BAKER BOTTS L.L.P.<br>One Shell Plaza<br>910 Louisiana Street<br>Houston, TX 77002-4995<br>(713) 229-1234<br><br>Timothy S. Durst<br>BAKER BOTTS L.L.P.<br>2001 Ross Avenue<br>Suite 900<br>Dallas, Texas 75201-2980<br>(214) 953-6500 | Steven J. Balick (#2114)<br>Andrew C. Mayo (#5207)<br>Ashby & Geddes<br>500 Delaware Avenue, 8th Floor<br>P.O. Box 1150<br>Wilmington, DE 19899<br>(302) 654-1888<br>sbalick@ashbygeddes.com<br>amayo@ashbygeddes.com<br><br>*Attorneys for Defendants Mediacom Communications Corporation, WideOpenWest Finance, LLC, WideOpenWest Networks, Inc., WideOpenWest, Inc., WideOpenWest Georgia, LLC, Knology of Alabama, Inc., Knology of Florida, LLC, Knology of Georgia, Inc., Knology of South Carolina, Inc., Knology of Tennessee, Inc., Knology of Kansas, Inc., Anne Arundel Broadband, LLC, Atlantic Broadband (CT) LLC, Atlantic Broadband (Delmar) LLC, Atlantic Broadband (Miami) LLC, Atlantic Broadband (NH-ME) LLC, Atlantic Broadband LLC (Penn), Atlantic Broadband (SC) LLC, Atlantic Broadband Finance, LLC, Grande Communications Networks, LLC, RCN Telecom Services, LLC, Radiate Holdings, LP, and WaveDivision Holdings, LLC Telecom Services, LLC, Radiate Holdings, LP, and WaveDivision Holdings, LLC* |

Dated: June 19, 2020

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................... 1

II. NATURE AND STAGE OF THE PROCEEDINGS ..................................................... 2

III. FACTUAL BACKGROUND ......................................................................................... 3

    A. Dr. Wicker's Reports ........................................................................................... 3

    B. Dr. Mangum's Reports ......................................................................................... 6

IV. LEGAL STANDARDS .................................................................................................. 8

V. ARGUMENT .................................................................................................................. 8

    A. The Court Should Strike Dr. Wicker's Incorporation of Reports and Testimony from Prior Litigations for Failure to Comply with Rule 26 ................... 8

    B. The Court Should Strike Dr. Mangum's Disclosure of Opinions from Other Experts in Prior Litigations for Failure To Satisfy Rule 26 .......................... 9

VI. CONCLUSION ............................................................................................................. 11

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Alza Corp. v. Andrx Pharm.*,
  LLC, C.A. No. 05-642-JJF, 2008 WL 1886042 (D. Del. Apr. 28, 2008) .................................8

*Dunkin' Donuts Inc. v. Patel*,
  174 F. Supp. 2d 202 (D.N.J. 2001) .........................................................................................9

*Ely v. Cabot Oil & Gas Corp.*,
  No. 3:09-CV-2284, 2016 WL 4169220 (M.D. Pa. Feb. 17, 2016) .........................................10

*EMC Corp. v. Pure Storage, Inc.*,
  154 F. Supp. 3d 81 (D. Del. 2016) (Andrews, J.) ................................................................8, 9

*Leese v. Lockheed Martin Corp.*,
  6 F. Supp. 3d 546 (D.N.J. 2014) ...........................................................................................10

*Muhsin v. Pac. Cycle, Inc.*,
  No. 2010-060, 2012 WL 2062396 (D.V.I. June 8, 2012) ......................................................10

*Sheetz v. Wal-Mart Stores, E., L.P.*,
  No. 4:15-cv-02210, 2017 WL 5625767 (M.D. Pa. Nov. 22, 2017) .......................................10

**Statutes, Rules and Regulations**

Fed. R. Civ. P. 26(a)(2)(B) ..................................................................................................2, 8, 9

Fed. R. Evid. 702, 703, 705 ........................................................................................................2

Defendants Charter and Bright House[1], Mediacom Communications Corporation; WideOpenWest Finance, LLC, WideOpenWest Networks, Inc., WideOpenWest, Inc., WideOpenWest of Georgia, LLC, Knology of Alabama, Inc., Knology of Florida, LLC, Knology of Georgia, Inc., Knology of South Carolina, Inc., Knology of Tennessee, Inc., Knology of Kansas, Inc., and Anne Arundel Broadband, Inc.; Atlantic Broadband Finance, LLC, Atlantic Broadband (CT) LLC, Atlantic Broadband (Delmar) LLC, Atlantic Broadband (Miami) LLC, Atlantic Broadband (NH-ME) LLC, Atlantic Broadband LLC (Penn), and Atlantic Broadband (SC) LLC; and Grande Communications Networks, LLC, RCN Telecom Services, LLC, Radiate Holdings, LP, and WaveDivision Holdings, LLC ("Defendants") hereby move to strike paragraphs in Sprint Communications Company L.P.'s ("Sprint") experts' reports (identified in the contemporaneously filed motion) that broadly attempt to incorporate expert reports and testimony from prior litigations.

## I. INTRODUCTION

Sprint's expert reports include references to vast quantities of expert reports, expert testimony and jury verdicts from at least prior litigations making it impossible to understand the scope of the opinions Sprint's experts might express at trial. These incorporated opinions include opinions on different accused systems operated by different parties and different prior art, and they fill thousands of additional pages beyond the reports served in this case. By purporting to disclose so much information, most of which Sprint never intends to present at trial, Sprint has obscured the opinions it will present at trial. Furthermore, it will be nearly impossible to police Sprint's obligations to confine its expert testimony to opinions it properly disclosed given the enormous

---

[1] Charter Communications, Inc., Charter Communications Holdings, LLC, Spectrum Management Holding Company, LLC, Charter Communications Operating, LLC ("Charter") and Bright House Networks, LLC ("BHN"). Though Charter and BHN are separate entities, they are collectively referred to as "Charter" herein unless otherwise noted.

1

quantities of prior material it has incorporated. This fails to comply with FED. R. CIV. P. 26(a)(2)(B). In addition, if Sprint is allowed to incorporate the opinions of other experts not involved in this litigation, Defendants will be denied a meaningful opportunity for cross-examination. Nor is expert testimony that merely refers to testimony by another expert or a jury verdict itself even the proper subject of an expert disclosure because it does not constitute admissible evidence under Federal Rules of Evidence 702, 703 or 705.

Defendants have tried to obtain clarity as to what opinions Sprint's experts are offering in *the present* cases that constitute proper expert testimony. Sprint however refuses to confirm that its experts will not use prior reports or prior testimony to either: a) add opinions that are not expressly reflected in their reports in this case; or b) support the opinions contained in their reports in this case. Ex. 1 (emails between Michael Block, Jordan Bergsten, and others from April 2, 2020 - June 18, 2020).[2] Accordingly, Defendants respectfully request that the Court strike the incorporation of, or reference to, opinions by Sprint's experts that were expressed in prior cases.

## II.   NATURE AND STAGE OF THE PROCEEDINGS

Sprint asserts twenty-two claims from eleven patents (the "Asserted Patents") against five different network architectures among Charter and Bright House, and at least six more among the other Defendants for offering VoIP telephony services.[3] *See* Ex. 2 (Excerpts from the Expert Report of Dr. Stephen B. Wicker Regarding Infringement of U.S. Patent Nos. 6,452,932, 6,463,052, 6,633,561, 7,286,561, 7,505,454, 6,298,064, 6,343,084, 6,473,429, 7,327,728, 6,330,224, & 6,697,340, dated March 20, 2020 (errata dated May 11, 2020) ("Wicker Op. Report")); Ex. 3 (Excerpts from the Expert Report of Russell W. Mangum III, PH.D., dated March

---

[2] Exhibits referenced herein are attached to the Declaration of Michael J. Block in Support of Defendant's Motion to Strike Portions of Sprint's Expert Reports.

[3] Sprint has committed to drop two of these patents and two claims in view of the Court's Cequel claim construction order. D.I. 445 at 2.

2

20, 2020 ("Mangum Op. Report")). The parties served opening expert reports on March 20, 2020, rebuttal reports on April 24, 2020 and reply reports on May 15, 2020. Expert discovery closed on June 5, 2020. Dispositive motions and Daubert motions are due June 12, 2020. D.I. 50 at 14. Trials are set to begin on October 5, 2020 through November 30, 2020. *Id.*

### III.   FACTUAL BACKGROUND

Sprint's expert disclosures are nearly boundless. For example, the Wicker Opening Report alone is already 3,271 pages even *before* accounting for its incorporation of prior reports and testimony from other cases. D.I. 432 at 1. And Dr. Mangum's Opening Report incorporates testimony from experts who testified in prior cases but have not provided reports in this case. *See* Ex. 3 ¶¶ 234-235. Defendants therefore requested clarification from Sprint as to the scope of the opinions offered in their reports, but Sprint refused to confirm that they "will not use prior reports or prior testimony to either: a) add opinions that are not expressly reflected in [their] reports in this case; or b) support the opinions contained in [their] reports in this case." Ex. 4 (letter from M. Block to J. Bergsten, dated May 27, 2020).

#### A.   Dr. Wicker's Reports

Dr. Wicker incorporated at least *nine* reports from prior litigations totaling at least an additional 3,351 pages. He also incorporated all of his prior deposition and trial testimony spanning at least eighteen days of testimony. His wholesale incorporation of all prior opinions and testimony was entirely indiscriminate. The incorporated opinions include different accused architectures and different prior art references not even asserted in this case.

At the beginning of Dr. Wicker's April 24, 2020 Rebuttal Report of Dr. Stephen B. Wicker in Response to the March 20, 2020 Invalidity Opinions of Dr. Kevin Almeroth, Dr. Michael Frendo, and Mr. Bradner Regarding Written Description, Enablement, and Related Technical

Issues (Wicker Almeroth Reb. Report), Dr. Wicker incorporates by reference at least nine entire reports:

> I have previously provided opinions related to the validity of certain claims in Sprint's Asserted Patents under the written description and enablement requirements in 35 U.S.C. § 112. In particular, my May 15, 2015 Rebuttal Report to Dr. Paul S. Min ("Kansas Invalidity"), July 11, 2016 Rebuttal Report to Dr. Paul S. Min and Henry Houh ("Cox Validity I"), and July 10, 2017 Rebuttal Report to Dr. Paul S. Min ("Cox Invalidity II"), contain opinions relevant to the written description and enablement requirements and the Sprint Asserted Patents, **which I incorporate herein by reference.**

Ex. 5 (Excerpts from the Rebuttal Report of Dr. Stephen B. Wicker in Response to the March 20, 2020 Invalidity Opinions of Dr. Kevin Almeroth, Dr. Michael Frendo, and Mr. Bradner Regarding Written Description, Enablement, and Related Technical Issues, dated April 24, 2020 ("Wicker Almeroth Reb. Report") ¶ 4 (emphasis added); Ex. 6 (Excerpts from the Rebuttal Report of Dr. Stephen B. Wicker in Response to the March 20, 2020 Report of Zygmunt Haas, dated April 24, 2020 ("Wicker Haas Reb. Report")) ¶ 160.  Dr. Wicker also states that "[i]n my Infringement Report, as well as my Kansas Validity, Cox Validity I, and Cox Validity II reports, I provided a detailed tutorial regarding relevant technological issues."  Ex. 5 (Wicker Almeroth Reb. Report) ¶ 43.  In another paragraph, without any pin citation he claims, "I provided background information related to the Internet Protocol in my Infringement Report in this proceeding, as well as my earlier reports in Kansas and Cox, each of which is incorporated herein by reference."  Ex. 5 ¶ 51; Ex. 6 ¶ 83; Ex. 7 (Excerpts from the Rebuttal Report of Dr. Stephen B. Wicker in Response to the March 20, 2020 Expert Report of Seamus B. Gilchrist, dated April 24, 2020 ("Wicker Gilchrist Reb. Report")) ¶ 70.  In another paragraph, he claims that "I hereby incorporate by reference my prior opinions and trial testimony in the Time Warner Cable litigation."  Ex. 5 ¶ 176. In another paragraph he states without citation that "[a]s explained in my prior reports, including the Cox

4

Validity Reports, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮" Ex. 5 ¶ 267.

Dr. Wicker's other reports similarly purport to incorporate opinions from prior cases. Dr. Wicker's April 24, 2020 Rebuttal Report of Dr. Stephen B. Wicker in Response to the March 20, 2020, Report of Zygmunt Haas (Wicker Haas Reb. Report) begins by stating in the very first paragraph that "I have also previously opined on the issues raised in this case, as well as myriad other validity positions, in previous cases. I incorporate that analysis and those opinions herein, to the extent relevant to the issues asserted in this case. I also provide technical bases for these opinions as appropriate." Ex. 6 ¶ 1.

In another paragraph he states that:

> I have previously provided my opinions on the issue of prior art and alleged invalidity a number of times, which included my analysis of the level of skill in the art, the claims, the specifications, the prosecution records, other intrinsic and extrinsic technical materials, and the scope and content of the arts. Given the substantial overlap between the issues presented in this case and my prior analyses, **I incorporate my prior reports on issues of validity in their entirety, including**[4]:

---

[4] Dr. Wicker lists the following reports as being incorporated in their entirety in that paragraph: Rebuttal Expert Report of Dr. Stephen B. Wicker Regarding Validity of U.S. Patent Nos. 6,665,294, 6,298,064, 6,473,429, 6,304,572, 6,633,561, 6,463,052, and 6,452,932 (3/27/2007); Supplemental Expert Report of Dr. Stephen B. Wicker Regarding Infringement And Validity of U.S. Patent Nos. 6,665,294, 6,298,064, 6,473,429, 6,304,572, 6,633,561, 6,463,052, and 6,452,932 (4/27/2007); Rebuttal Report of Dr. Stephen B. Wicker In Response To April 3, 2015 Report of Dr. Henry H. Houh (5/15/2015); Rebuttal Expert Report of Dr. Stephen B. Wicker In Response To The April 3, 2015 Expert Report of Dr. Paul S. Min (5/15/2015); Rebuttal Report of Dr. Stephen B. Wicker In Response To The April 3 Report of Mr. Scott Bradner (5/15/2015); Rebuttal Report of Dr. Stephen B. Wicker In Response To The June 10, 2016 Reports of Dr. Henry Houh and Dr. Paul Min (7/11/2017, As Corrected On 7/14/2017); Rebuttal Report of Dr. Stephen B. Wicker In Response To The June 13, 2017 Report of Mr. Scott Bradner (7/10/2017); and Rebuttal Report of Dr. Stephen B. Wicker In Response To June 13, 2017 Report of Dr. Kevin Almeroth (7/10/2017).

Ex. 6 ¶ 160 (emphasis added).  In another paragraph Dr. Wicker opines about prior litigations "over the years."  Ex. 6 ¶ 406 (█████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████).  Dr. Wicker similarly incorporated prior opinions in his April 24, 2020 Rebuttal Report of Dr. Stephen B. Wicker in Response to the March 20, 2020 Expert Report of Seamus B. Gilchrist ("Wicker Gilchrist Reb. Report").[5]

Even after Defendants raised their concern about not being able to determine the nature of the opinions being offered by Sprint's experts, Sprint continued to incorporate prior reports in its reply reports.  For example, in Dr. Wicker's Reply Report ("Wicker Reply Report") – served more than 3 weeks after Defendant objected to this practice – he states "I hereby incorporate the opinions I offered on the doctrine of equivalents in the Time Warner Cable litigation, including specifically my trial testimony at Sprint v. TWC 11-2686, 2/16/17 Transcript at 682:8-886:11 and demonstratives, including PTX648."  Ex. 8 (Excerpts from the Reply Expert Report of Dr. Stephen B. Wicker Regarding Infringement in Response to the Rebuttal Expert Report of Dr. Almeroth Dated April 24, 2020, dated May 15, 2020 ("Wicker Reply Report")) ¶ 138; *see also* Ex. 10 (Excerpts from the Reply Expert Report of Dr. Stephen Wicker Regarding Infringement in Response to the Rebuttal Expert Report of Seamus Gilchrist Dated April 24, 2020, dated May 15, 2020) ("Wicker Gilchrist Reply Report")) ¶¶ 228, 247.

**B.     Dr. Mangum's Reports**

Dr. Mangum's expert reports also attempt to make wholesale use of opinions from prior cases.  In his case, however, Dr. Mangum was not even an expert in these prior cases.  He tries to

---

[5] *See, e.g.*, Ex. 7 ¶¶ 1, 70, 142, 291, 337, 351, 381, 474, 482, 543.

make use of opinions by *other* experts who are not subject to cross-examination in this case because they have not provided expert reports. As an example, in the Mangum Opening Report, when discussing the *Georgia Pacific* royalty approach, Dr. Mangum claims that he has "seen prior expert reports from prior tracks of litigation" which "consist of reports from Mohan Rao, Christine Hammer, Christopher Bakewell, Julie Davis, Jonathan Putnam, Mark Hosfield, Gene Partlow, and Stephen Wicker." Ex. 3 ¶ 234.[6] Additionally, he opines that he "considered the expert report of Dr. Rao in relation to Sprint's actions against Time Warner Cable, Comcast, Cox communications, and Cable One." Ex. 3 ¶ 235. Sprint refuses to clarify what he meant by referencing these prior reports.

In Dr. Mangum's May 15, 2020 Reply Report (Mangum Reply Report) he also points to jury findings accepting Dr. Rao and/or Dr. Wicker's opinions about blocking patents and damages. Ex. 9 (Excerpts from the Expert Reply Report of Russell W. Mangum III, PH.D., dated May 15, 2020 ("Mangum Reply Report")) ¶ 146 ("Likewise, in the *Sprint v. TWC* case, the jury specifically heard testimony from Dr. Rao about the blocking nature of Sprint's patents, and awarded Sprint the full amount it requested at the $1.37 per subscriber per month rate… I understand that the jury in *Sprint v. TWC* also heard testimony from Dr. Rao that the $1.37 sought by Sprint in that case was further corroborated by the Voiceglo and Paetec licenses...").[7] He never explains how a prior

---

[6] Although specific paragraphs from Dr. Mangum's reports in the Charter case are cited throughout, Dr. Mangum's reports in the other cases contain similar paragraphs. *See* Ex. 11, Excerpts from the Expert Report of Russell W. Mangum III, Ph.D., dated March 20, 2020, for Mediacom, ¶¶ 238-239, n. 452 (and identical paragraphs in the Dr. Mangum's Opening Reports for the other non-Charter Defendants).

[7] *See also* Ex. 12, Excerpts from the Expert Reply Report of Russell W. Mangum III, Ph.D., dated May 15, 2020, for Mediacom, ¶ 105, n. 168 (and identical paragraphs in Dr. Mangum's Reply Reports for the other non-Charter Defendants).

verdict or testimony from another expert constitute data that he can rely upon as an expert to form his own opinion.

## IV. LEGAL STANDARDS

Federal Rule of Civil Procedure 26(a)(2)(B) requires an expert's report to "contain . . . a complete statement of **all opinions the witness will express** and the basis and reasons for them; [and] the facts or data considered by the witness in forming them." Fed. R. Civ. P. 26(a)(2)(B). (emphasis added). The purpose of Rule 26's disclosure requirements "is to prevent a party from being unfairly surprised by the presentation of new evidence." *EMC Corp. v. Pure Storage, Inc.*, 154 F. Supp. 3d 81, 92 (D. Del. 2016) (Andrews, J.); *Alza Corp. v. Andrx Pharm.*, LLC, C.A. No. 05-642-JJF, 2008 WL 1886042, at *2 (D. Del. Apr. 28, 2008).

## V. ARGUMENT

### A. The Court Should Strike Dr. Wicker's Incorporation of Reports and Testimony from Prior Litigations for Failure to Comply with Rule 26

Dr. Wicker's reports incorporate almost everything that he has ever said on the Sprint patents spanning a decade, including opinions relating to different systems and prior art that are not at issue here. *See* Section III.A, *supra*. Dr. Wicker provides no explanation as to what portions of his prior opinions he expects to offer at trial, or how any opinions relating to prior art not asserted here and architectures not accused in this case relate to his present opinions.

Such broad incorporation of material does not satisfy the obligations required by Rule 26 because it provides no notice to Defendants as to what opinions will be expressed *in this case*. Fed. R. Civ. P. 26(a)(2)(B) (requiring a "complete statement of all opinions the witness will express and the basis and reasons for them"). Sprint's systematic incorporation of a vast quantity of material from prior cases prevents Defendants from avoiding surprise at trial. *EMC*, 154 F. Supp. 3d at 92 ("The purpose of the disclosure requirements of Rule 26 'is to prevent a party from being

8

unfairly surprised by the presentation of new evidence.'"); *Dunkin' Donuts Inc. v. Patel*, 174 F. Supp. 2d 202, 211 (D.N.J. 2001) ("The test of a report is whether it [is] sufficiently complete, detailed and in compliance with the Rules so that surprise is eliminated.") (quotation omitted). Furthermore, Dr. Wicker's incorporations "fail to comply with Rule 26(a)(2)(B)" because they do not set "forth the basis and reasons for the opinions" as they relate to the present case. *Dunkin'*, 174 F. Supp. 2d at 213.

Accordingly, the Court should strike Dr. Wicker's purported incorporation by reference of prior litigations, as they do not satisfy Sprint's Rule 26 disclosure obligations.

### B. The Court Should Strike Dr. Mangum's Disclosure of Opinions from Other Experts in Prior Litigations for Failure To Satisfy Rule 26

Dr. Mangum's reports purport to rely on or reference opinions from various experts in prior cases who are not subject to cross-examination in this case. *See* Section III.B, *supra*.

These statements in his report fail to satisfy Sprint's Rule 26 disclosure obligations. FED. R. CIV. P. 26(a)(2)(B) (requiring a "complete statement of all opinions the witness will express and the basis and reasons for them"). His statement that he has "seen prior expert reports from prior tracks of litigation" which "consist of reports from Mohan Rao, Christine Hammer, Christopher Bakewell, Julie Davis, Jonathan Putnam, Mark Hosfield, Gene Partlow, and Stephen Wicker" and that he "considered the expert report of Dr. Rao in relation to Sprint's actions against Time Warner Cable, Comcast, Cox communications, and Cable One" does not disclose any opinion he intends to express that complies with Rule 26. Ex. 3 ¶¶ 234, 235. *See EMC*, 154 F. Supp. 3d at 92 ("The purpose of the disclosure requirements of Rule 26 'is to prevent a party from being unfairly surprised by the presentation of new evidence.'"). Such unbounded statements provide no notice to Defendants as to what opinions from those reports Dr. Mangum will testify about.

9

To the extent that Dr. Mangum intends to repeat opinions from people who have not been disclosed as experts in this case would deny Defendants the ability to cross examine the expert who rendered the opinion. District courts in a variety of circuits have recognized that "one expert may not give the opinion of another expert who does not testify," that "expert opinions ordinarily cannot be based upon the opinions of others whether those opinions are in evidence or not," and that "while an expert may rely upon another expert to form an opinion under Rule 703, an expert may not merely recite another expert's opinion as his own." *See Muhsin v. Pac. Cycle, Inc.*, Civil Action No. 2010-060, 2012 WL 2062396, at *5 n.2 (D.V.I. June 8, 2012) (collecting cases) (citations omitted). Other district courts in the Third Circuit have excluded expert's attempts to incorporate opinions from other undisclosed, non-testifying experts.[8]

Here, although Sprint has claimed that Dr. Mangum's "report is not incorporating by reference prior reports as his own opinions in this case" (Ex. 1), its refusal to confirm that Dr. Mangum "will not use prior reports or prior testimony to either: a) add opinions that are not expressly reflected in his reports in this case; or b) support the opinions contained in his reports in this case" demonstrates that Sprint intends to potentially have Dr. Mangum engage in testifying about opinions from individuals who have not been disclosed as experts in this case.

---

[8] *Ely v. Cabot Oil & Gas Corp.*, No. 3:09-CV-2284, 2016 WL 4169220 , at *6 (M.D. Pa. Feb. 17, 2016) ("[The expert] could offer nothing to explain the methodology that he used to reach such an opinion other than to parrot information he claims to have received from medical professionals who are undisclosed experts in this case"); *Leese v. Lockheed Martin Corp.*, 6 F. Supp. 3d 546, 552-54 (D.N.J. 2014) (finding an expert's methodology unreliable because it was based on opinions by another "undisclosed, non-testifying expert" and explaining that "Because Plaintiffs did not qualify Rogers as an expert, he would not be allowed to testify about how he reached his opinions and could not be cross-examined on these questions."); *Sheetz v. Wal-Mart Stores, E., L.P.*, No. 4:15-cv-02210, 2017 WL 5625767, at *5 (M.D. Pa. Nov. 22, 2017) (finding expert's testimony unreliable and granting motion in limine to exclude the testimony and expert report in part, where the expert "parroted the findings and opinions" of an expert in another case).

Accordingly, the Court should strike Dr. Mangum's purported disclosure of opinions from other experts in prior litigations, as they do not satisfy Sprint's Rule 26 disclosure obligations, and would deny Defendants a meaningful opportunity for cross-examination.

## VI. CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Court grant its Motion to Strike portions of Sprint's Expert's reports.

OF COUNSEL:

David S. Benyacar
Daniel L. Reisner
Michael J. Block
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019
(212) 836-8000
david.benyacar@arnoldporter.com
daniel.reisner@arnoldporter.com
michael.block@arnoldporter.com

Gregory Arovas
Jeanne M. Heffernan
Ryan Kane
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
(212) 446-4800
garovas@kirkland.com
jheffernan@kirkland.com
ryan.kane@kirkland.com

Luke L. Dauchot
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, CA 90071
(213) 680-8400

／s／ *Kelly E. Farnan*
Kelly E. Farnan (#4395)
Valerie A. Caras (#6608)
Richards, Layton & Finger, P.A.
920 N. King Street
One Rodney Square
Wilmington, DE 19801
(302) 651-7700
farnan@rlf.com
caras@rlf.com

*Attorneys for Defendants Charter Communications, Inc., Charter Communications Holdings, LLC, Spectrum Management Holding Company, LLC, Charter Communications Operating LLC and Bright House Networks, LLC*

11

ldauchot@kirkland.com

Bao Nguyen
Kirkland & Ellis LLP
555 California Street
San Francisco, CA 94104
(415) 439-1400
bnguyen@kirkland.com

|  |  |
|---|---|
|  | */s/ Andrew C. Mayo* |
|  | Stephen J. Balick (2114) |
| OF COUNSEL: | Andrew C. Mayo (5207) |
|  | Ashby & Geddes |
| Robinson Vu | 500 Delaware Ave, 8th Floor |
| Natalie Alfaro Gonzales | P.O. Box 1150 |
| Lindsay Volpenhein Cutié | Wilmington, DE 19899 |
| Amy E. Bergeron | SBalick@ashbygeddes.com |
| Baker Botts L.L.P. | AMayo@ashbygeddes.com |
| One Shell Plaza |  |
| 910 Louisiana Street | *Attorneys for Mediacom Communications* |
| Houston, TX  77002-4995 | *Corp.; WideOpenWest, Inc.;* |
| (713) 229-1234 | *WideOpenWest Networks, Inc.;* |
|  | *WideOpenWest Finance, LLC;* |
| Timothy S. Durst | *WideOpenWest of Georgia, LLC; Knology* |
| BAKER BOTTS L.L.P. | *of Alabama, Inc.; Knology of Florida,* |
| 2001 Ross Avenue | *LLC; Knology of Georgia, Inc.; Knology* |
| Suite 900 | *of South Carolina, Inc.; Knology of* |
| Dallas, Texas 75201-2980 | *Tennessee, Inc.; Knology of Kansas, Inc.;* |
| (214) 953-6500 | *Anne Arundel Broadband, Inc.; Atlantic* |
|  | *Broadband Finance, LLC; Atlantic* |
|  | *Broadband (CT), LLC; Atlantic* |
|  | *Broadband (DELMAR), LLC; Atlantic* |
|  | *Broadband (MIAMI), LLC; Atlantic* |
|  | *Broadband (NH-ME), LLC; Atlantic* |
|  | *Broadband (PENN), LLC; Atlantic* |
|  | *Broadband (SC), LLC; Grande* |
|  | *Communications Network, LLC; RCN* |
|  | *Telecom Services, LLC; Radiate* |
|  | *Holdings, L.P.; and WaveDivision* |
|  | *Holdings, LLC* |

DATED: June 19, 2020

## CERTIFICATE OF SERVICE

I hereby certify that on June 19, 2020, true and correct copies of the foregoing document were caused to be served on the following counsel of record as indicated:

**BY ELECTRONIC MAIL**
Stephen J. Kraftschik
Christina B. Vavala
Polsinelli PC
222 Delaware Avenue, Suite 1101
Wilmington, DE 19801

**BY ELECTRONIC MAIL**
B. Trent Webb
Aaron E. Hankel
Ryan J Schletzbaum
Ryan D. Dykal
Jordan T. Bergsten
Lauren E. Douville
Mark D. Schafer
Samuel J. LaRoque
Maxwell C. McGraw
Thomas M. Patton
Lydia C. Raw
Shook, Hardy & Bacon LLP
2555 Grand Boulevard
Kansas City, MO 64108

**BY ELECTRONIC MAIL**
Robert H. Reckers
Michael W. Gray
Shook, Hardy & Bacon LLP
JPMorgan Chase Tower
600 Travis Street, Suite 3400
Houston, TX 77002

*/s/ Kelly E. Farnan*
Kelly E. Farnan (#4395)