# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SPRINT COMMUNICATIONS COMPANY L.P., *Plaintiff,* v. CHARTER COMMUNICATIONS, INC., *et al.,* *Defendants.* | C.A. No. 17-1734-RGA **REDACTED PUBLIC VERSION** |
| SPRINT COMMUNICATIONS COMPANY L.P., *Plaintiff,* v. MEDIACOM COMMUNICATIONS CORP., *Defendants.* | C.A. No. 17-1736-RGA **REDACTED PUBLIC VERSION** |
| SPRINT COMMUNICATIONS COMPANY L.P., *Plaintiff,* v. WIDEOPENWEST, INC. *et al.,* *Defendants.* | C.A. No. 18-361-RGA **REDACTED PUBLIC VERSION** |
| SPRINT COMMUNICATIONS COMPANY L.P., *Plaintiff,* v. ATLANTIC BROADBAND FINANCE, LLC *et al.,* *Defendants.* | C.A. No. 18-362-RGA **REDACTED PUBLIC VERSION** |
| SPRINT COMMUNICATIONS COMPANY L.P., *Plaintiff,* v. GRANDE COMMUNICATIONS NETWORKS, LLC *et al.,* *Defendants.* | C.A. No. 18-363-RGA **REDACTED PUBLIC VERSION** |

## DECLARATION OF KELLY E. FARNAN IN SUPPORT OF DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTIONS FOR SUMMARY JUDGMENT AND MOTIONS TO EXCLUDE EXPERT TESTIMONY UNDER *DAUBERT*

I, Kelly E. Farnan, declare as follows:

1.      I am an attorney at Richards, Layton & Finger, P.A. representing Defendants Charter Communications, Inc., Charter Communications Holdings, LLC, Spectrum Management Holding Company, LLC, Charter Communications Operating LLC and Bright House Networks, LLC in C.A. No. 17-1734-RGA. I offer this declaration in support of Defendants' Reply Brief in Support of Their Motions for Summary Judgment and Motions to Exclude Expert Testimony Under *Daubert*.

2.      Attached hereto as <u>Exhibit 59</u> are excerpts from the Expert Report of Dr. Stephen B. Wicker Regarding Infringement of U.S. Patent Nos. 6,452,932, 6,463,052, 6,633,561, 7,286,561, 7,505,454, 6,298,064, 6,343,084, 6,473,429, 7,327,728, 6,330,224, & 6,697,340, dated March 20, 2020 and submitted in *Sprint Communications Company L.P. v. Charter Communications, Inc., et al.*, 17-1734-RGA; *Sprint Communications Company L.P. v. Atlantic Broadband Finance, LLC., et al.*, 18-362-RGA; *Sprint Communications Company L.P. v. Mediacom Communications Corp.*, 17-1736-RGA; *Sprint Communications Company L.P. v. WideOpenWest, Inc. et al.*, 18-361-RGA; and *Sprint Communications Company L.P. v. Grande Communications, Networks, LLC, et al.*, 18-363-RGA.

3.      Attached hereto as <u>Exhibit 60</u> are excerpts from the deposition transcript of Russell W. Mangum III, Ph.D., taken on June 3, 2020 in *Sprint Communications Company L.P. v. Charter Communications, Inc., et al.*, 17-1734-RGA.

4.      Attached hereto as <u>Exhibit 61</u> are excerpts from the Expert Report of Russell W. Mangum III, Ph.D., dated March 20, 2020 in *Sprint Communications Company L.P. v. v. Atlantic Broadband Finance, LLC., et al.*, 18-362-RGA.

5.      Attached hereto as Exhibit 62 are excerpts from the Rebuttal Expert Report of Carla S. Mulhern, dated April 24, 2020 in *Sprint Communications Company L.P. v. Charter Communications, Inc., et al.*, 17-1734-RGA.

6.      Attached hereto as Exhibit 63 are excerpts from Sprint's Identification of Accused Products and Services, dated August 31, 2018 and served in *Sprint Communications Company L.P. v. Atlantic Broadband Finance, LLC., et al.*, 18-362-RGA.

7.      Attached hereto as Exhibit 64 are excerpts from the Expert Report of Dr. Stephen B. Wicker Regarding Infringement of U.S. Patent Nos. 6,665,294, 6,298,064, 6,473,429, 6,304,572, 6,633,561, 6,463,052, and 6,452,932, dated January 12, 2007 in *Sprint Communications Company L.P. v. Vonage Holdings Corp., et al*., C.A. No. 05-2433-JWL (D. Kan.).

8.      Attached hereto as Exhibit 65 are excerpts from the Expert Report of Dr. Stephen B. Wicker Regarding Infringement of U.S. Patent Nos. 6,343,084, 6,298,064, 9,473,429, 6,633,561, 6,463,052, and 6,452,932, dated August 18, 2009 in *Sprint Communications Company L.P. v. Big River Telephone Company, LLC*, C.A. No. 08-2046-JWL-JPO (D. Kan.).

9.      Attached hereto as Exhibit 66 are excerpts of a Settlement Agreement between Sprint Communications Company L.P. and Vonage Holdings Corporation, dated October 27, 2007 and produced at SPRIKS_02_00078809.

10.      Attached hereto as Exhibit 67 are excerpts of a Settlement Agreement between Sprint Communications Company L.P. and Big River Telephone Company, LLC, dated September 29, 2009 and produced at SPRIKS_02_00025302.

11.     Attached hereto as <u>Exhibit 68</u> are excerpts are excerpts from the Rebuttal Expert Report Regarding Damages submitted by W. Christopher Bakewell on April 24, 2020 in *Sprint Communications Company L.P. v. Atlantic Broadband Finance, LLC., et al.*, 18-362-RGA.

12.     Attached hereto as <u>Exhibit 69</u> are excerpts from the Expert Reply Report of Russell W. Mangum III, Ph.D, dated May 15, 2020 in *Sprint Communications Company L.P. v. Charter Communications, Inc., et al.*, 17-1734-RGA.

13.     Attached hereto as <u>Exhibit 70</u> are excerpts from the deposition transcript of Scott Kalinoski dated January 15, 2020 in *Sprint Communications Company L.P. v. Charter Communications, Inc., et al.*, 17-1734-RGA; *Sprint Communications Company L.P. v. Atlantic Broadband Finance, LLC., et al.*, 18-362-RGA; *Sprint Communications Company L.P. v. Mediacom Communications Corp.*, 17-1736-RGA; *Sprint Communications Company L.P. v. WideOpenWest, Inc. et al.*, 18-361-RGA; and *Sprint Communications Company L.P. v. Grande Communications, Networks, LLC, et al.*, 18-363-RGA.

14.     Attached hereto as <u>Exhibit 71</u> are excerpts of a Wholesale Voice Services Agreement between Sprint Communications Company L.P. and WideOpenWest Finance, LLC, dated May 18, 2005 and produced at SPRe-025-01-01485.

I declare under penalty of perjury that the foregoing is true and correct.


                                    */s/ Kelly E. Farnan*_____
                                    Kelly E. Farnan (#4395)

Dated: July 13, 2020

## CERTIFICATE OF SERVICE

I hereby certify that on July 13, 2020, true and correct copies of the foregoing document were caused to be served on the following counsel of record as indicated:

**BY ELECTRONIC MAIL**
Stephen J. Kraftschik
Christina B. Vavala
Polsinelli PC
222 Delaware Avenue, Suite 1101
Wilmington, DE 19801

**BY ELECTRONIC MAIL**
B. Trent Webb
Aaron E. Hankel
Ryan J Schletzbaum
Ryan D. Dykal
Jordan T. Bergsten
Lauren E. Douville
Mark D. Schafer
Samuel J. LaRoque
Maxwell C. McGraw
Thomas M. Patton
Lydia C. Raw
Shook, Hardy & Bacon LLP
2555 Grand Boulevard
Kansas City, MO 64108

**BY ELECTRONIC MAIL**
Robert H. Reckers
Michael W. Gray
Shook, Hardy & Bacon LLP
JPMorgan Chase Tower
600 Travis Street, Suite 3400
Houston, TX 77002

*/s/ Kelly E. Farnan*
Kelly E. Farnan (#4395)

# EXHIBITS 59-62

# REDACTED IN THEIR ENTIRETY

# EXHIBIT 63

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SPRINT COMMUNICATIONS COMPANY LP.,
    *Plaintiff*,

               v.

ATLANTIC BROADBAND FINANCE, LLC *ET AL.*,
    *Defendants*.

Case No. 18-cv-362-RGA (D. Del)

JURY TRIAL DEMANDED

## SPRINT'S IDENTIFICATION OF ACCUSED PRODUCTS AND SERVICES

Pursuant to Paragraph 8(a) of the Scheduling Order and Paragraph 4(a) of the Court's "Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI")" (the "Default Order"), Plaintiff Sprint Communications Company L.P. ("Sprint") provides the following listing of the accused Defendants'[1] products, systems, methods, and services, as well as the asserted Sprint patents and claims.[2]

**I.**    **Sprint's Asserted Patents**

    **A.  U.S. Patent No. 6,343,084**

Each Defendant has infringed claims 1, 2, 3, 4, and 7 of the '084 patent by making, using, selling, and offering for sale broadband and/or packet-based telephony products and services, including Atlantic Voice Services[3]

---

[1] Atlantic Broadband Finance, LLC, Atlantic Broadband (CT), LLC, Atlantic Broadband (Delmar), LLC, Atlantic Broadband (Miami), LLC, Atlantic Broadband (NH-ME), LLC, Atlantic Broadband (PENN), LLC, Atlantic Broadband (SC), LLC, and Metrocast Cablevision of New Hampshire, LLC ("Metrocast") are referred to collectively as "Atlantic" and "Defendants."

[2] Sprint identifies the asserted claims based on its present knowledge of the Accused Products.  Sprint reserves the right to amend the asserted claims after reviewing the technical documents produced by Defendants.

[3] "Atlantic Voice Services" include, at least, Atlantic Broadband Residential Phone Services (such as Residential Phone, Essential Plus & Phone, Premier & Phone, and Extreme & Phone), Atlantic Broadband Business Phone Service (such as Local Line, Unlimited, Pro Basic, Pro Advantage, Pro Power, Pro Edge, Pro Gigaedge, and Hosted Voice), Metrocast Voice Services (such as Metrocast Digital Phone and Metrocast Business Phone), and other broadband and/or packet-based telephony products and services allowing calls to be received from and/or terminate on a circuit-switched network, such as the

Particularly, upon currently available information, Atlantic Voice Services were capable of receiving and did receive telephone calls originating from a non-packet network, such as, for example, the PSTN, in a manner that infringes the '084 Patent.  Upon currently available information, a Media Gateway or IMS equivalent in the Atlantic network received call messages for subsequent routing through the Atlantic network.  On reasonably available information and belief, the infringing call setup method is shown in call traces and call flows maintained by Defendants.

**B.  U.S. Patent No. 6,633,561**

Each Defendant has infringed claims 1, 2, 3, 4, 6, 7, 8, 9, 10, 11, 15, 16, 19, 22, 23, 24, 25, 26, 29, 30, 33, 36, and 38 of the '3,561 patent by making, using, selling, and offering for sale broadband and/or packet-based telephony products and services, including Atlantic Voice Services.

Particularly, upon currently available information, Atlantic Voice Services were capable of receiving and placing and did receive and place telephone calls that originated or terminated, respectively, on a non-packet network, such as, for example, the PSTN, in a manner that infringed the '3,561 Patent.  Upon currently available information, a Signaling Gateway, Media Gateway Controller, and/or Call Management Server or IMS equivalent in the Atlantic network received and processed call messages.  This processing system in the Atlantic network generated a control message that was transferred to a Media Gateway and/or Multimedia Terminal Adapter[4]

PSTN.

[4] Sprint's use of Multimedia Terminal Adapter is only meant as an exemplary component, and Sprint's use of such should be understood to include Multimedia Terminal Adapters and all customer premises equipment capable of performing the accused functionality.

2

or IMS equivalent for routing a user communication through the Atlantic network. On reasonably available information and belief, the infringing call setup method is shown in call traces and call flows maintained by Defendants.

### C.  U.S. Patent No. 6,463,052

Each Defendant has infringed claims 1, 2, 3, 4, 5, 8, 9, 10, and 11 of the '052 patent by making, using, selling, and offering for sale broadband and/or packet-based telephony products and services, including Atlantic Voice Services.

Particularly, upon currently available information, Atlantic Voice Services were capable of receiving and did receive telephone calls originating from a non-packet network, such as, for example, the PSTN, in a manner that infringed the '052 Patent. Upon currently available information, a Media Gateway in the Atlantic network received user communications. A Signaling Gateway, Media Gateway Controller, and/or Call Management Server or IMS equivalent in the Atlantic network received and processed communications from a non-packet network, such as, for example, the PSTN. This processing system in the Atlantic network transferred a control message and a packet to a Media Gateway and/or Multimedia Terminal Adapter or IMS equivalent for routing a user communication through the packet communication system. On reasonably available information and belief, the infringing call setup method is shown in call traces and call flows maintained by Defendants.

### D.  U.S. Patent No. 6,452,932

Each Defendant has infringed claims 1, 8, 13, 15, and 16 of the '932 patent by making, using, selling, and offering for sale broadband and/or packet-based telephony products and services, including Atlantic Voice Services.

3

Particularly, upon currently available information, Atlantic Voice Services were capable of placing and did place telephone calls that terminate on a non-packet network, such as, for example, the PSTN, in a manner that infringed the '932 Patent.  Upon currently available information, a Signaling Gateway, Media Gateway Controller, and/or Call Management Server or IMS equivalent in the Atlantic network received and processed a first message from a Multimedia Terminal Adapter.  The Media Gateway or IMS equivalent in the Atlantic network received a second message and the communication from a Multimedia Terminal Adapter, or IMS equivalent.  The Media Gateway or IMS equivalent then transferred the communication to a selected narrowband switch.  On reasonably available information and belief, the infringing call setup method is shown in call traces and call flows maintained by Defendants.

### E.  U.S. Patent No. 6,473,429

Each Defendant has infringed claims 1, 2, 3, 5, 6, 7, 8, 10, and 12 of the '429 patent by making, using, selling, and offering for sale broadband and/or packet-based telephony products and services, including Atlantic Voice Services.

Particularly, upon currently available information, Atlantic Voice Services were capable of receiving and did receive telephone calls originating from a non-packet network, such as, for example, the PSTN, in a manner that infringed the '429 Patent.  Upon currently available information, a Signaling Gateway, Media Gateway Controller, and/or Call Management Server or IMS equivalent in the Atlantic network received and processed call messages.  A Media Gateway or IMS equivalent also received a user communication from a non-packet network, such as, for example, the PSTN and converted the communication into packet form for routing to a Multimedia Terminal Adapter, or IMS equivalent, on the Atlantic network.  On reasonably

available information and belief, the infringing call setup method is shown in call traces and call flows maintained by Defendants.

### F.  U.S. Patent No. 6,298,064

Each Defendant has infringed claims 1, 2, 3, 7, 9, 10, 14, 16, 21, 26, and 34 of the '064 patent by making, using, selling, and offering for sale broadband and/or packet-based telephony products and services, including Atlantic Voice Services.

Particularly, upon currently available information, Atlantic Voice Services were capable of placing and did place telephone calls that terminate on a non-packet network, such as, for example, the PSTN, in a manner that infringed the '064 Patent.  Upon currently available information, a Call Management Server, Media Gateway Controller, and/or Signaling Gateway or IMS equivalent in the Atlantic network received and processed call set-up information from a Multimedia Terminal Adapter, or IMS equivalent.  The Media Gateway or IMS equivalent received a control message and packet communication in the Atlantic network which are converted into non-packet communications for termination on a non-packet network, such as, for example, the PSTN.  On reasonably available information and belief, the infringing call setup method is shown in call traces and call flows maintained by Defendants.

### G.  U.S. Patent No. 6,330,224

Each Defendant has infringed claims 1, 2, 3, 4, 7, 12, 13, 14, 20, 21, 22, and 26 of the '224 patent by making, using, selling, and offering for sale broadband and/or packet-based telephony products and services, including Atlantic Voice Services.

Particularly, upon currently available information, Atlantic Voice Services were capable of providing and do provide enhanced services in a manner that infringed the '224 patent.  Upon

currently available information, a Call Management Server, Media Gateway Controller, and/or Signaling Gateway or IMS equivalent in the Atlantic network selected a service and service node to provide enhanced service(s) based on information related to user communications.  This processing system in the Atlantic controlled network services and service nodes, such as, for example, a voicemail server.  The packetized user communication was transmitted to the service node in the Atlantic network.  On reasonably available information and belief, the infringing call setup method is shown in call traces and call flows maintained by Defendants.

**H.  U.S. Patent No. 6,697,340**

Each Defendant has infringed claims 11, 12, 13, 14, 17, and 20 of the '340 patent by making, using, selling, and offering for sale broadband and/or packet-based telephony products and services, including Atlantic Voice Services.

Particularly, upon currently available information, Atlantic Voice Services were capable of providing and did provide enhanced services in a manner that infringed the '340 patent.  Upon currently available information, a Call Management Server, Media Gateway Controller, and/or Signaling Gateway or IMS equivalent in the Atlantic network was configured to receive and process SS7 signaling for a call.  This processing system was further configured to generate and transfer control messages, such as, for example, messages to control voicemail services in the Atlantic network.  On reasonably available information and belief, the infringing call setup method is shown in call traces and call flows maintained by Defendants.

**I.  U.S. Patent No. 7,286,561**

Each Defendant has infringed claims 11, 12, 14, 15, 18, 19, 20 of the '6,561 patent by making, using, selling, and offering for sale broadband and/or packet-based telephony products

and services, including Atlantic Voice Services.

Particularly, upon currently available information, Atlantic Voice Services were capable of receiving and did receive telephone calls originating from a non-packet network, such as, for example, the PSTN, in a manner that infringed the '6,561 patent.  Upon currently available information, a Call Management Server, Media Gateway Controller, and/or Signaling Gateway or IMS equivalent in the Atlantic network was configured to receive and process a SS7 signaling message or a Q.931 signaling message.  This processing system in the Atlantic network transferred a control message to the Media Gateway or IMS equivalent for converting a non-packet network communication, such as, for example, a PSTN communication, into a packet communication for routing through the Atlantic network.  On reasonably available information and belief, the infringing call setup method is shown in call traces and call flows maintained by Defendants.

### J.  U.S. Patent No. 7,505,454

Each Defendant has infringed claims 1, 2, 3, 4, 5, 6, and 7 of the '454 patent by making, using, selling, and offering for sale broadband and/or packet-based telephony products and services, including Atlantic Voice Services.

Particularly, upon currently available information, Atlantic Voice Services were capable of employing and did place telephone calls that terminated on a non-packet network, such as, for example, the PSTN, in a manner that directly infringed the '454 patent.  Upon currently available information, a Call Management Server, Media Gateway Controller, and/or Signaling Gateway or IMS equivalent in the Atlantic network received and processed signaling containing call set-up information from an Embedded Media Terminal Adapter.  The Media Gateway or IMS

7

equivalent received a control message and packet communication in the Atlantic network which are converted into non-packet communications for termination on a non-packet network, such as, for example, the PSTN.  On reasonably available information and belief, the infringing call setup method is shown in call traces and call flows maintained by Defendants.

### K.  U.S. Patent No. 7,327,728

Each Defendant has infringed claims 1, 2, 3, and 5 of the '728 patent by making, using, selling, and offering for sale broadband and/or packet-based telephony products and services, including Atlantic Voice Services.

Particularly, upon currently available information, Atlantic Voice Services were capable of receiving and did receive telephone calls originating from a non-packet network, such as, for example, the PSTN, in a manner that directly infringed the '728 patent.  Upon currently available information, a Call Management Server, Media Gateway Controller, and/or Signaling Gateway or IMS equivalent in the Atlantic network received and processed signaling.  The Media Gateway or IMS equivalent received a control message and packet communication in the Atlantic network which were converted into non-packet communications and transferred to a non-packet network, such as, for example, the PSTN.  On reasonably available information and belief, the infringing call setup method is shown in call traces and call flows maintained by Defendants.

### L.  U.S. Patent No. 7,324,534

Each Defendant has infringed claims 1, 4, 6, 8, and 10 of the '534 patent by making, using, selling, and offering for sale broadband and/or packet-based telephony products and services, including Atlantic Voice Services.

8

Particularly, upon currently available information, Atlantic Voice Services were capable of placing and did place telephone calls that terminate on a non-packet network, such as, for example, the PSTN, in a manner that infringed the '534 Patent. Upon currently available information, an Embedded Media Terminal Adapter, or IMS equivalent (e.g., Embedded Digital Voice Adapter), transferred a dial tone, received and processed signaling, and transferred a first message to a Call Management Server, Media Gateway Controller, and/or Signaling Gateway or IMS equivalent in the Atlantic network.  The processing system processed messaging, selected an identifier, such as an IP address, and transferred a second message indicating the identifer to the Embedded Media Terminal Adapter, or IMS equivalent.  The Embedded Media Terminal Adapter, or IMS equivalent, received communication, converted the communication into a packet format including the identifer, and transferred the communication to the Atlantic Network configured to route the packet communication based on the identifier.  On reasonably available information and belief, the infringing call setup method is shown in call traces and call flows maintained by Defendants.

**M. U.S. Patent No. 7,693,131**

Each Defendant has infringed and is currently infringing claims 1, 7, 9, 10, 11, 17, 19, and 20 of the '131 patent by making, using, selling, and offering for sale broadband and/or packet-based telephony products and services, including Atlantic Voice Services.

Particularly, upon currently available information, Atlantic Voice Services are capable of placing and do place telephone calls that terminate on a non-packet network, such as, for example, the PSTN, in a manner that infringes the '131 Patent. Upon currently available information an Embedded Media Terminal Adapter, or IMS equivalent, is coupled to a packet

network over a packet connection and exchanges telephony control signaling, such as dual tone multi-frequency signaling, and telephony voice communication in a PSTN format with an analog telephone, converts the telephony control signaling and the telephony user communication in the PSTN format to a packet format, exchanges the telephony control signaling in the packet format with a Call Management Server, Media Gateway Controller, Signaling Gateway, and/or Call Agent or IMS equivalent over the packet connection, and exchanges the telephony user communications in the packet format and internet communications with the service node over the packet connection.  Atlantic, in the Call Management Server or IMS equivalent that is coupled to the packet network, processes the telephony control signaling, such as the dialed digits, to select a DS0 connection, transfers a control message indicating the selected PSTN connection, converts the telephony control signaling between the packet format and the PSTN format, and exchanges the telephony control signaling in the PSTN format with the PSTN over a signaling interface of the PSTN.  Atlantic, in the Media Gateway or IMS equivalent that is coupled to the packet network, receives the control message from the Call Management Server or IMS equivalent, and exchanges the telephony user communications in the packet format with the Embedded Media Terminal Adapter or IMS equivalent, converts the telephony user communications between the packet format and the PSTN format, and exchanges the telephony user communications in the PSTN format over the selected DS0 connection.  On reasonably available information and belief, the infringing call setup method is shown in call traces and call flows maintained by Defendants.

**N.  U.S. Patent No. 6,563,918**

Each Defendant has infringed claims 11, 12, and 19 of the '918 patent by making, using,

selling, and offering for sale broadband and/or packet-based telephony products and services, including Atlantic Voice Services.

Particularly, upon currently available information, Atlantic Voice Services were capable of placing and did place telephone calls that terminated on a non-packet network, such as, for example, the PSTN, in a manner that infringed the '918 patent.  Upon currently available information, the Atlantic network utilized control system data tables filled with call routing data, such as, for example, addressing and/or resolution servers.  The call routing information was transferred from the control system to the Call Management Server, Media Gateway Controller, and/or Signaling Gateway or IMS equivalent in the Atlantic network for call processing.  On reasonably available information and belief, the infringing call setup method is shown in call traces and call flows maintained by Defendants.

### O.  U.S. Patent No. 6,999,463

Each Defendant has infringed claims 1, 2, 4, 5, 6, 9, and 10 of the '463 patent by making, using, selling, and offering for sale broadband and/or packet-based telephony products and services, including Atlantic Voice Services.

Particularly, upon currently available information, Atlantic Voice Services were capable of placing or receiving and did place or receive telephone calls in a manner that infringed the '463 patent.  Upon currently available information, a Call Management Server, Media Gateway Controller, and/or Signaling Gateway or IMS equivalent in the Atlantic network received a signaling message, selected a Media Gateway, or IMS equivalent, to provide egress for the user communication from the packet communication system to the narrowband communication system, communicated to receive a ported telephone number (e.g., a Location Routing Number),

11

processed the Location Routing Number to select an appropriate trunk.  The Media Gateway or IMS equivalent associated with the selected trunk participated to route the packetized communication from the packet communication system to the PSTN.  A Call Management Server, Media Gateway Controller, and/or Signaling Gateway or IMS equivalent in the Atlantic network transferred a control message indicating the call and associated user communications and the identifier to the calling party's Media Terminal Adapter or IMS equivalent, which packetized received voice and included a header field and a payload field.  The packetized voice was routed to the egress Media Gateway or IMS equivalent.  On reasonably available information and belief, the infringing call setup method is shown in call traces and call flows maintained by Defendants.

## II.     Technical Information

Sprint's initial disclosure of the accused products and services provides additional details to assist Atlantic in identifying core technical documents sufficient to show the structure and operation of any respective accused product or service.  Included within these core technical documents, Sprint expects to receive from Atlantic, at least, documents sufficient to identify/disclose all Media Gateways and Call Management Servers, including IMS equivalent to Call Management Servers, as well as their respective locations; the identity of any third parties providing connectivity to third party networks (including connectivity to the PSTN); customer premises equipment provided by or approved by Atlantic for use with Atlantic's networks; protocols used for the products, services, methods identified above (e.g., MGCP, SIP, etc.); call flows for Inbound and Outbound calls for the products, services, methods identified above; representative call traces for Inbound and Outbound calls for the products, services, methods

identified above; and other documents sufficient to show the structure and operation of any respective accused product or service.  The failure of Defendants to produce this information could prejudice Sprint's ability to prepare its Initial Infringement Contentions.

Dated:  August 31, 2018

*Of Counsel:*

SHOOK, HARDY & BACON L.L.P.

B. Trent Webb
Ryan D. Dykal
Aaron E. Hankel
Ryan J. Schletzbaum
2555 Grand Boulevard
Kansas City, MO 64108
T: 816-474-6550
bwebb@shb.com
ahankel@shb.com
rdykal@shb.com
rschletzbaum@shb.com

Robert H. Reckers
JP Morgan Chase Tower
600 Travis Street, Suite 3400
Houston, TX 77002-2926
T: 713-227-8008
rreckers@shb.com

POLSINELLI PC

*/s/ Shanti M. Katona*
Shanti M. Katona (Del. Bar No. 5352)
222 Delaware Avenue, Suite 1101
Wilmington, DE 19801
T: 302-252-0924
skatona@polsinelli.com

***Attorneys for Plaintiff Sprint***

13

# EXHIBITS 64-71

# REDACTED IN THEIR ENTIRETY