# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SPRINT COMMUNICATIONS COMPANY L.P., *Plaintiff*, v. CHARTER COMMUNICATIONS, INC., ET AL., *Defendants*. | C.A. No. 17-1734-RGA |
| SPRINT COMMUNICATIONS COMPANY L.P., *Plaintiff*, v. MEDIACOM COMMUNICATIONS CORP., *Defendants*. | C.A. No. 17-1736-RGA |
| SPRINT COMMUNICATIONS COMPANY L.P., *Plaintiff*, v. WIDEOPENWEST, INC. ET AL., *Defendants*. | C.A. No. 18-361-RGA |
| SPRINT COMMUNICATIONS COMPANY L.P., *Plaintiff*, v. ATLANTIC BROADBAND FINANCE, LLC ET AL., *Defendants*. | C.A. No. 18-362-RGA |
| SPRINT COMMUNICATIONS COMPANY L.P., *Plaintiff*, v. GRANDE COMMUNICATIONS NETWORKS, LLC ET AL., *Defendants*. | C.A. No. 18-363-RGA |

# DEFENDANTS' REPLY BRIEF IN SUPPORT OF
## ITS MOTION TO STRIKE PORTIONS OF SPRINT'S EXPERT REPORTS

## <u>TABLE OF CONTENTS</u>

I.    INTRODUCTION...................................................................................................... 1

II.   ARGUMENT ............................................................................................................. 2

    A.    The Court Should Strike Dr. Wicker's Incorporation of Reports and
        Testimony from Prior Litigations for Failure to Comply with Rule 26.................. 2

        1.    Sprint's Purported Limitations Are Insufficient and Ambiguous.............. 2

        2.    The *Pennypack* Factors Are Irrelevant ...................................................... 4

        3.    Depositions Do Not Excuse Sprint's Failure to Comply with Rule
              26................................................................................................................... 5

    B.    The Court Should Strike Dr. Mangum's Disclosure of Opinions from
        Other Experts in Prior Litigations for Failure To Satisfy Rule 26......................... 6

    C.    Sprint Has Waived Its Right to Preserve Portions of These Paragraphs ............... 7

III.  CONCLUSION .......................................................................................................... 8

## **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Abbott Labs. v. Lupin Ltd.*,
2011 WL 1897322 (D. Del. May 19, 2011) ................................................................5

*Alza Corp. v. Andrx Pharm., LLC*,
2008 WL 1886042 (D. Del. Apr. 28, 2008) ...............................................................5

*B. Braun Melsungen AG v. Terumo Med. Corp.*,
749 F. Supp. 2d 210 (D. Del. 2010) ...........................................................................5

*Bridgestone Sports Co., Ltd. v. Acushnet Co.*,
2007 WL 521894 (D. Del. Feb. 15, 2007) ..................................................................5

*Dunkin' Donuts Inc. v. Patel*,
174 F. Supp. 2d 202 (D.N.J. 2001) .............................................................................5

*Edmond v. Plainfield Bd. of Educ.*,
2018 WL 4380991 (D.N.J. Sept. 13, 2018) ...............................................................5

*Ely v. Cabot Oil & Gas Corp.*,
2016 WL 4169220 (M.D. Pa. Feb. 17, 2016) ............................................................5

*EMC Corp. v. Pure Storage, Inc.*,
154 F. Supp. 3d 81 (D. Del. 2016) .............................................................................5

*Leese v. Lockheed Martin Corp.*,
6 F. Supp. 3d 546 (D.N.J. 2014) ................................................................................4

*Meyers v. Pennypack Woods Home Ownership Ass'n*,
559 F.2d 894 (3d Cir. 1977) ..............................................................................1, 4, 5

*MobileMedia Ideas, LLC v. Apple Inc.*,
907 F.Supp.2d 570 (D. Del. 2012) .............................................................................4

*Muhsin v. Pac. Cycle, Inc.*,
Civil Action No. 2010-060, 2012 WL 2062396 (D.V.I. June 8, 2012) .....................4

*In re Paoli R.R. Yard PCB Litig.*,
35 F.3d 717 (3d Cir. 1994) .........................................................................................5

*Power Integrations, Inc. v. Fairchild Semicond. Int'l, Inc.*,
2006 WL 2435083 (D. Del. Aug. 22, 2006) ..............................................................4

*Sheetz v. Wal-Mart Stores, E., L.P.*,
2017 WL 5625767 (M.D. Pa. Nov. 22, 2017) ...........................................................4

ii

*SodexoMAGIC, LLC v. Drexel Univ.*,
    333 F. Supp. 3d 426 (E.D. Pa. 2018) ........................................................................................4

**STATUTES & RULES**

Rule 26 ................................................................................................................................. passim

## I.      INTRODUCTION

Sprint fails to demonstrate that its experts' broad attempts to incorporate thousands of pages of expert reports and testimony from prior litigations satisfy the obligations required by Rule 26.  D.I. 527.  Sprint's opposition offers three primary justifications for its improper incorporation, each of which is meritless.

*First,* Sprint contends that it offered some narrowing language to limit the scope of its incorporations.  However, its proposals were ambiguous as to what was being incorporated, and Sprint refused to provide any clarification upon request.  Moreover, in several instances, even the proposed narrowing still included hundreds of paragraphs from prior litigations.  Such broad incorporation by reference fails to disclose what opinions Sprint's experts intend to present in *this* case in compliance with Rule 26.

*Second,* Sprint argues that the *Pennypack* factors must be satisfied.  D.I. 527 at 1, 2, 8, 9, 11, 18, 19.  The *Pennypack* factors, however, evaluate whether to exclude untimely disclosures; but Defendants argue that the opinions by Sprint's experts are too broad to satisfy Rule 26, not that they are untimely.

*Third,* Sprint argues the opportunity for expert depositions excuses its failure to satisfy its Rule 26 obligations.[1]  The existence of expert depositions, however, does not eliminate a party's Rule 26 disclosure obligations.  Defendants had a limited number of hours to depose Sprint's experts on a wide range of topics contained in their reports even apart from any incorporation from prior cases and Defendants remain prejudiced by Sprint's failure to meet the requirements of Rule 26.

---

[1] *E.g.* D.I. 527 at 1 ("And if there was any doubt, Defendants could, and did, ask Dr. Wicker (during his 5-day deposition), and Dr. Mangum (during his 2.5-day deposition), about which prior opinions they were incorporating."), 4, 6, 7, 12, 15, 16, 18.

For the reasons stated in this brief and Defendants' opening brief (D.I. 477), Defendants' Motion to Strike should be granted.

## II.    ARGUMENT

### A.    The Court Should Strike Dr. Wicker's Incorporation of Reports and Testimony from Prior Litigations for Failure to Comply with Rule 26

#### 1.    Sprint's Purported Limitations Are Insufficient and Ambiguous

Dr. Wicker's reports incorporated *nine* prior reports totaling over 3,351 additional pages, as well as all of his prior deposition and his trial testimony spanning at least eighteen days of testimony.  D.I. 477 at 3.  Even Sprint's purported limiting of its incorporation by reference to specific paragraphs as it appears to claim (D.I. 527 at 2-3), is not sufficient.  Sprint continues to incorporate thousands of pages of opinions, and has staked out ambiguous positions which it refuses to clarify.

As shown in the table below, Sprint's proposed narrowing still seeks to incorporate vast swathes of his opinions expressed in other cases.  D.I. 478 Ex. 1, at 14-16.

| Paragraph in Dr. Wicker's April 24, 2020 Report | Sprint's proposal to limit the scope of its incorporation | Number of paragraphs or material still incorporated |
|---|---|---|
| ¶ 4 | Kansas Invalidity at ¶¶ 61-201; Cox Validity I at ¶¶ 82-130, 137-386, Cox Validity II at ¶¶ 24-46 (excluding references to HU_COX00971127, COX00454179, and COX00147372 in footnote 2). | 463 |
| ¶ 43 | None | 929 |
| ¶ 51 | Kansas Invalidity at ¶¶ 28-50; Cox Validity I at ¶¶ 148-178. | 54 |
| ¶ 176 | None | "All prior opinions and trial testimony in the Time Warner Cable litigation" |
| ¶ 267 | None | "my prior reports, including the Cox Validity reports" |

For example, paragraph 4 alone (as potentially limited by Sprint's proposal) identifies 463 paragraphs from prior reports (comprising 139 pages) which are being incorporated by reference. The proposed modified citations suggested by Sprint do not meaningfully narrow the material purported to be incorporated by reference because those proposed citations still identify hundreds of paragraphs. *See, e.g.*, D.I. 478 Ex. 1, at 14-16. Furthermore, paragraph 43 contains an open-ended statement that Dr. Wicker "provided a detailed tutorial regarding relevant technological issues" based on his "Infringement Report, as well as [his] Kansas Validity, Cox Validity I, and Cox Validity II reports." D.I. 478, Ex. 5 at ¶ 43. In this paragraph, Dr. Wicker provides a pin-citation for his infringement report in *the present* litigations, but provides none for the prior reports he purports to incorporate. Without any limitation on what could be considered "background" in these reports, such a statement potentially incorporates at least 929 paragraphs and at least 1270 pages. Narrowing a purported incorporation by reference of a report to hundreds of paragraphs and thousands of pages is not a meaningful limitation that provides a "complete statement of all opinions the witness will express and the basis and reasons for them," as required under Rule 26.

Additionally, Sprint refused to clarify its proposed limitations. For example, with respect to footnotes 47 and 48 in paragraph 181 of Dr. Wicker's opening infringement report, Sprint's errata only removed two paragraphs which contained documents that had been destroyed; but Sprint left an open-ended statement which makes it unclear whether Dr. Wicker was actually limiting his incorporation to the pages specified in the footnote. D.I. 478, Ex. 2 at 4 ("I provided more discussion of the DOE opinions and the media gateways used in the cable industry in my prior reports."). Defendants requested assurances which would limit Dr. Wicker to incorporating the pages and paragraphs listed in its citations, however, Sprint refused to make these assurances. D.I. 478, Ex. 4 at 2 ("Please confirm, as I requested in my May 7, 2020 email to you, "that outside

of the pages indicated in footnotes 47 and 48, that Dr. Wicker will not use prior reports or prior testimony to either: a) add opinions that are not expressly reflected in his reports in this case; or b) support the opinions contained in his reports in this case." Otherwise tell us that you disagree so that we can raise the issue with the Court.").

With respect to paragraphs 4 and 51 of Dr. Wicker's rebuttal report on validity, Sprint argues that it "provided specific pin cites . . . so that there was no question which portions of Dr. Wicker's prior validity reports, trial testimony and trial demonstratives were being incorporated." D.I. 527 at 3. Sprint, however, never provided an errata for these paragraphs making these changes, and it never clearly stated that Dr. Wicker would rely only on those specified paragraphs within his prior report.

## 2.    The *Pennypack* Factors Are Irrelevant

Sprint argues that the *Pennypack* factors apply to Defendants' motion. D.I. 527 at 1, 2, 8, 9, 11, 18, 19. The *Pennypack* factors evaluate whether to exclude **untimely disclosures**, not opinions that are so broad that they do not comply with the disclosure obligations of Rule 26. *See Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 899 (3d Cir. 1977) ("Pennypack contends that the complaint was untimely since it was filed more than two and a half years later"). None of the cases cited by Sprint apply the *Pennypack* factors in the circumstances presented here. Indeed, many of the cases make no mention of the *Pennypack* factors at all, and the few cases that do apply the *Pennypack* factors relate to **untimely disclosures**.[2]

_____

[2] *SodexoMAGIC, LLC v. Drexel Univ.*, 333 F. Supp. 3d 426 (E.D. Pa. 2018) (striking part of a declaration and not applying the *Pennypack* factors); *Sheetz v. Wal-Mart Stores, E., L.P.*, 2017 WL 5625767, (M.D. Pa. Nov. 22, 2017) (excluding report of liability expert and not applying *Pennypack* factors); *Power Integrations, Inc. v. Fairchild Semicond. Int'l, Inc.*, 2006 WL 2435083 (D. Del. Aug. 22, 2006) (not applying *Pennypack* factors); *Muhsin v. Pac. Cycle, Inc.*, Civil Action No. 2010-060, 2012 WL 2062396 (D.V.I. June 8, 2012) (not applying *Pennypack* factors in excluding opinions); *MobileMedia Ideas, LLC v. Apple Inc.*, 907 F.Supp.2d 570 (D. Del. 2012) (denying motion to strike and not applying *Pennypack* factors); *Leese v. Lockheed Martin Corp.*,

### 3. Depositions Do Not Excuse Sprint's Failure to Comply with Rule 26

Sprint also argues that Dr. Wicker's broad incorporation by reference should not be stricken because "if there was any doubt, Defendants could, and did, ask Dr. Wicker (during his 5-day deposition)… about which prior opinions they were incorporating."  D.I. 527 at 1.  The opportunity to take the deposition of Sprint's experts on already extensive expert reports, even apart from the incorporation of prior reports, does not cure the prejudice Defendants face from Sprint's failure to meet its disclosure obligations under Rule 26.

\* \* \* \* \*

Accordingly, paragraphs 4, 43 and 51 of Dr. Wicker's April 24, 2020 Report should be stricken.  Additionally, paragraphs 176 and 267, incorporating the entirety of Dr. Wicker's prior trial testimony in the TWC case and several prior expert reports--which Sprint does not even purport to limit or even address in its opposition brief--should be stricken as well.  Likewise, Sprint

---

6 F. Supp. 3d 546 (D.N.J. 2014) (excluding expert's report and testimony without applying *Pennypack* factors); *Invista N. Am. S.A.R.L.,* 2013 WL 3216109 (D. Del. June 25, 2013) (applying *Pennypack* factors to contention of untimely supplemental disclosure); *In re Paoli R.R. Yard PCB Litig.,* 35 F.3d 717 (3d Cir. 1994) (applying *Pennypack* factors to untimely disclosure); *EMC Corp. v. Pure Storage, Inc.,* 154 F. Supp. 3d 81 (D. Del. 2016) (applying *Pennypack* factors to untimely disclosure and saying that the factors are "typically" applied); *Ely v. Cabot Oil & Gas Corp.,* 2016 WL 4169220 (M.D. Pa. Feb. 17, 2016) (excluding expert's testimony and not applying *Pennypack* factors); *Edmond v. Plainfield Bd. of Educ.,* 2018 WL 4380991 (D.N.J. Sept. 13, 2018) (barring testimony of expert and not applying *Pennypack* factors); *Dunkin' Donuts Inc. v. Patel,* 174 F. Supp. 2d 202 (D.N.J. 2001) (recommending motion to strike be granted and not applying *Pennypack* factors); *Bridgestone Sports Co., Ltd. v. Acushnet Co.,* 2007 WL 521894, (D. Del. Feb. 15, 2007) (applying *Pennypack* factors in precluding untimely disclosed prior art references); *B. Braun Melsungen AG v. Terumo Med. Corp.,* 749 F. Supp. 2d 210 (D. Del. 2010) (applying *Pennypack* factors in striking new and untimely opinions); *Alza Corp. v. Andrx Pharm., LLC,* 2008 WL 1886042 (D. Del. Apr. 28, 2008) (excluding expert's testimony and not applying *Pennypack* factors); *Abbott Labs. v. Lupin Ltd.,* 2011 WL 1897322, (D. Del. May 19, 2011) (applying *Pennypack* factors in denying motion to strike untimely disclosure.).

fails to address paragraphs 128, 138 and 175 of its Reply Infringement report so those paragraphs should also be stricken for the reasons stated herein and in Defendants' opening brief.[3]

### B.  The Court Should Strike Dr. Mangum's Disclosure of Opinions from Other Experts in Prior Litigations for Failure To Satisfy Rule 26

Sprint's assurance that Dr. Mangum "is not incorporating by reference prior reports as his own opinions in this case" (D.I. 527 at 4) resolves the dispute only *if* it means that Dr. Mangum will not use these prior reports or prior testimony to supplement or support the opinions he provides in this case.

Dr. Mangum's reports, however, like Dr. Wicker's reports, have staked out ambiguous positions which Sprint refuses to clarify.  For example, Dr. Mangum's statements in paragraphs 234 and 235 of his opening report explain that he has "seen prior expert reports from prior tracks of litigation" which "consist of reports from Mohan Rao, Christine Hammer, Christopher Bakewell, Julie Davis, Jonathan Putnam, Mark Hosfield, Gene Partlow, and Stephen Wicker", and in paragraph 239 of his reply report he explains that he "considered the expert report of Dr. Rao in relation to Sprint's actions against Time Warner Cable, Comcast, Cox communications, and Cable One."  These statements, as Defendants have explained to Sprint, muddy the waters as to whether Dr. Mangum intends to offer opinions based on opinions that prior experts have expressed in other cases.  D.I. 477 at 9.  Defendants therefore asked for Sprint to confirm that Dr. Mangum "will not use prior reports or prior testimony to either: a) add opinions that are not expressly reflected in his

---

[3] In any event, at a minimum, Sprint's expert reports should be deemed limited to the specific paragraphs identified in the table above and Sprint's opening infringement report should be limited so it only incorporates the specific pages and paragraphs expressly referenced in its errata to that report.  *See* Ex. 2 ("I incorporate by reference my 6/10/2016 Report in Cox v. Sprint at pp. 462 to 479 (except for paragraphs 713 and 715).").

reports in this case; or b) support the opinions contained in his reports in this case." As with Dr. Wicker, Sprint refused to provide such assurances. D.I. 477 at 10.

Sprint's argument that "Defendants refuse to agree to it themselves" (D.I. 527 at 1) and that "Defendants would not agree to discuss reciprocal requirements" (D.I. 527 at 8) is baseless. Defendants pointed out several times in correspondence and during the meet and confer process that Sprint cannot identify any place in Defendants' expert reports where Defendants make similar references to prior expert reports or testimony. D.I. 478, Ex. 1 at 5 ("As mentioned on the meet and confer, you have never identified paragraphs in Defendants' experts' reports where you believe there is an improper purported incorporation of prior reports or prior testimony. Defendants will not agree to provide assurances for an issue that you have not identified the existence of in Defendants' experts' reports.").

Finally, Sprint also argues that Dr. Mangum's broad incorporation by reference should not be stricken because "Defendants took Dr. Mangum's deposition for 2.5 days from June 3 to June 5, 2020." D.I. 527 at 18. As explained above, the opportunity to take expert depositions does not cure the prejudice Defendants face from Sprint's failure to meet its disclosure obligations Rule 26.

Accordingly, paragraphs 234-235, and footnote 99 of Dr. Mangum's March 20, 2020 expert report and paragraphs 27, 146, and 179 of Dr. Mangum's May 15, 2020 report should be stricken for the reasons stated herein and in Defendants' opening brief.

### C.    Sprint Has Waived Its Right to Preserve Portions of These Paragraphs

Sprint argues that even if Defendants are correct that it has improperly incorporated by reference broad swathes of its reports from prior cases, there remain valid opinions in the offending paragraphs that should not be stricken. Defendants tried to resolve this issue through a meet-and-confer process, but Sprint refused to provide revised paragraphs that removed the improper incorporations. Sprint, not Defendants, has the obligation to clearly disclose the expert opinions

7

it intends to offer at trial under Rule 26.  Defendants have no way of knowing which portions of the offending paragraphs Sprint's expert could still maintain in the absence of the incorporation by reference.  Having refused meet-and-confer to make a proffer indicating what portions of those paragraphs would remain in connection with this motion, Sprint should not now be permitted to complain that the entire paragraphs identified in Defendants' motion should not be stricken.

## III.   CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Court grant its Motion to Strike portions of Sprint's Expert's reports.

<table>
<tr>
<td></td>
<td><em>/s/ Kelly E. Farnan</em></td>
</tr>
<tr>
<td></td>
<td>Kelly E. Farnan (#4395)</td>
</tr>
<tr>
<td>OF COUNSEL:</td>
<td>Richards, Layton & Finger, P.A.<br>920 N. King Street</td>
</tr>
<tr>
<td>David S. Benyacar</td>
<td>One Rodney Square</td>
</tr>
<tr>
<td>Daniel L. Reisner</td>
<td>Wilmington, DE 19801</td>
</tr>
<tr>
<td>Michael J. Block</td>
<td>(302) 651-7700</td>
</tr>
<tr>
<td>ARNOLD & PORTER KAYE SCHOLER LLP</td>
<td>Farnan@rlf.com</td>
</tr>
<tr>
<td>250 West 55th Street</td>
<td></td>
</tr>
<tr>
<td>New York, NY 10019</td>
<td><em>Attorneys for Defendants Charter</em></td>
</tr>
<tr>
<td>(212) 836-8000</td>
<td><em>Communications, Inc., Spectrum</em></td>
</tr>
<tr>
<td>david.benyacar@arnoldporter.com</td>
<td><em>Management Holding Company, LLC,</em></td>
</tr>
<tr>
<td>daniel.reisner@arnoldporter.com</td>
<td><em>Charter Communications Operating LLC</em></td>
</tr>
<tr>
<td>michael.block@arnoldporter.com</td>
<td><em>and Bright House Networks, LLC</em></td>
</tr>
<tr>
<td>Gregory Arovas</td>
<td></td>
</tr>
<tr>
<td>Jeanne M. Heffernan</td>
<td></td>
</tr>
<tr>
<td>Ryan Kane</td>
<td></td>
</tr>
<tr>
<td>KIRKLAND & ELLIS LLP</td>
<td></td>
</tr>
<tr>
<td>601 Lexington Avenue</td>
<td></td>
</tr>
<tr>
<td>New York, NY 10022</td>
<td></td>
</tr>
<tr>
<td>(212) 446-4800</td>
<td></td>
</tr>
<tr>
<td>garovas@kirkland.com</td>
<td></td>
</tr>
<tr>
<td>jheffernan@kirkland.com</td>
<td></td>
</tr>
<tr>
<td>ryan.kane@kirkland.com</td>
<td></td>
</tr>
</table>

Luke L. Dauchot
Kirkland & Ellis LLP
333 South Hope Street
Los Angeles, CA 90071
(213) 680-8400
ldauchot@kirkland.com


                                        /s/ Andrew C. Mayo
                                        Stephen J. Balick (2114)
OF COUNSEL:                             Andrew C. Mayo (5207)
                                        Ashby & Geddes
Robinson Vu                             500 Delaware Ave, 8th Floor
Natalie Alfaro Gonzales                 P.O. Box 1150
Lindsay Volpenhein Cutié                Wilmington, DE 19899
Amy E. Bergeron                         SBalick@ashbygeddes.com
Baker Botts L.L.P.                      AMayo@ashbygeddes.com
One Shell Plaza
910 Louisiana Street                    *Attorneys for Mediacom Communications*
Houston, TX  77002-4995                 *Corp.; WideOpenWest, Inc.;*
(713) 229-1234                          *WideOpenWest Networks, Inc.;*
                                        *WideOpenWest Finance, LLC;*
Timothy S. Durst                        *WideOpenWest of Georgia, LLC; Knology*
BAKER BOTTS L.L.P.                      *of Alabama, Inc.; Knology of Florida,*
2001 Ross Avenue                        *LLC; Knology of Georgia, Inc.; Knology*
Suite 900                               *of South Carolina, Inc.; Knology of*
Dallas, Texas 75201-2980                *Tennessee, Inc.; Knology of Kansas, Inc.;*
(214) 953-6500                          *Anne Arundel Broadband, Inc.; Atlantic*
                                        *Broadband Finance, LLC; Atlantic*
                                        *Broadband (CT), LLC; Atlantic*
                                        *Broadband (DELMAR), LLC; Atlantic*
                                        *Broadband (MIAMI), LLC; Atlantic*
                                        *Broadband (NH-ME), LLC; Atlantic*
                                        *Broadband (PENN), LLC; Atlantic*
                                        *Broadband (SC), LLC; Grande*
                                        *Communications Network, LLC; RCN*
                                        *Telecom Services, LLC; Radiate*
                                        *Holdings, L.P.; and WaveDivision*
                                        *Holdings, LLC*


DATED: July 31, 2020