IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SPRINT COMMUNICATIONS COMPANY L.P., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civ. No. 17-1734-RGA |
| CHARTER COMMUNICATIONS, INC., CHARTER COMMUNICATIONS HOLDINGS, LLC, SPECTRUM MANAGEMENT HOLDING COMPANY LLC, CHARTER COMMUNICATIONS OPERATING, LLC, BRIGHT HOUSE NETWORKS, LLC, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

MEMORANDUM ORDER

The Special Master resolved disputes relating generally to production of documents on the subject of Charter's knowledge of the patents-in-suit. (D.I. 299). A principal player in this drama is Mr. Abramov, who was in-house patent counsel for Charter.

Sprint has objected. (D.I. 328). Charter has responded. (D.I. 356). I review the objected-to rulings *de novo*.

Sprint's objections are not much help. I have had to go back to Sprint's original request of the Special Master, which, in terms of argument, is five paragraphs long. (D.I. 329-1 Exh. 1, at 3-4).[1] Sprint describes its requests for production – there are twelve of them at issue – as "narrow, targeted sets to avoid Charter's claims of burden." (*Id.* at 3, identifying RFPs 45-50, 70,

---

[1] References to the documents filed with the objections cite the page number in the header.

91-92, and 113-15, *id.* at 3 n.3).  From what I can see by looking at the RFPs, Charter has conceded in interrogatory responses that it knew about various identified patents being asserted against various identified companies[2] (*see* RFPs 45, 46, 47, 48, at D.I. 329-1 Exh. 1-B, at 68-70), making documentary searches related to those topics unnecessary and duplicative, and most of the rest of the RFPs[3] do not appear to be requests to which I would compel further document responses.  They include a request for correspondence between Mr. Wunsch and Mr. Doody (*see* RFP 49, D.I. 329-1, Exh. 1-B, at 70-71, which Charter said it would do), correspondence between Mr. Abramov and Mr. Ball (*see* RFP 50, D.I. 329-1, at 71, which Charter said it would do), a search of Mr. Woelk's files, which has already been done (*see* RFP 91, Exh. 1-C, at 98-99), and searches of Mr. Abramov's files as though he were an ESI custodian when he is not one (*see* RFPs 113, 114, 115, at D.I. 329-1, Exh. 1-C, at 116-19).

      RFP 70 (D.I. 329-1, Exh. 1-B, at 84-85), to which Charter refused to respond, seems to call for nothing but documents that would likely be protected by the attorney-client privilege.

      There is a lot of ink spilled over the documents collected from Mr. Abramov by Charter, but given Charter's assertion that all but two of the documents are protected by attorney-client privilege (D.I. 356 at 2 n.1), which is a completely plausible assertion, an order compelling production would just result in the creation of a privilege log, which at this stage of the litigation would most likely lead to nothing but wasted effort.

      Sprint's argument in regard to Interrogatory 7 is that the response is insufficient.  The Special Master ordered supplementation to the original response.  (D.I. 246).  Charter

---

[2] Narrative confirmation is provided in response to Interrogatory No. 7.  (*See* D.I. 329-1, Exh. 1-K, at 189-92).

[3] I cannot evaluate RFP 92 simply by looking at it, but there is no separate argument about it in either the letter moving to compel or in the objections, so I consider any separate argument about it to have been waived.

supplemented.  (D.I. 329-1, Exh. 1-K, at 189-94).  The argument now is that the supplementation was insufficient.  The supplementation identifies a Charter and a Bright House representative with knowledge of Sprint's earlier litigation against other parties.  I am satisfied that this is sufficient.  Thus, I also decline to order sanctions against Charter.

Sprint's Objections (D.I. 328) are **OVERRRULED**.  The underlying motion to compel is **DENIED**.

IT IS SO ORDERED this 12th day of August 2020.

/s/ Judge Richard G. Andrews
United States District Judge