IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SPRINT COMMUNICATIONS COMPANY L.P., <br><br> Plaintiff; <br><br> v. <br><br> CHARTER COMMUNICATIONS, INC., CHARTER COMMUNICATIONS HOLDINGS, LLC, SPECTRUM MANAGEMENT HOLDING COMPANY, LLC, CHARTER COMMUNICATIONS OPERATING, LLC, BRIGHT HOUSE NETWORKS, LLC, <br><br> Defendants. | Civil Action No. 17-1734-RGA |

<u>MEMORANDUM OPINION</u>

Christina B. Vavala and Stephen J. Kraftschik, POLSINELLI PC, Wilmington, DE; Aaron E. Hankel, B. Trent Webb, John D. Garretson, Jonathan M. Hernandez, Jordan T. Bergsten, Lauren E. Douville, Lydia C. Raw, Mark D. Schafer, Ryan D. Dykal, and Ryan J. Schletzbaum, SHOOK, HARDY & BACON LLP, Kansas City, MO; Michael W. Gray and Robert H. Reckers, SHOOK, HARDY & BACON LLP, Houston, TX, attorneys for Plaintiff Sprint Communications Company LP.

Kelly E. Farnan, RICHARDS, LAYTON & FINGER PA, Wilmington, DE; Alex Henriques, Robert A. Appleby, Ryan Kane, James E. Marina, Gregory Arovas, and Jeanne M. Heffernan, KIRKLAND & ELLIS LLP, New York, NY; Bao T. Nguyen, KIRKLAND & ELLIS LLP, San Francisco, CA; Gregory Polins, KIRKLAND & ELLIS LLP, Chicago, IL; Luke Dauchot, KIRKLAND & ELLIS, LLP, Los Angeles, CA; Daniel L. Reisner, David S. Benyacar, and Michael Block, ARNOLD & PORTER KAYE SCHOLER LLP, New York, NY; Robert J. Katerberg, ARNOLD & PORTER KAYE SCHOLER LLP, Washington, DC; Thomas T. Carmack, ARNOLD & PORTER KAYE SCHOLER LLP, Palo Alto, CA, attorneys for Defendants Charter Communications, Inc. et al.

March 16, 2021

/s/ Richard G. Andrews
**ANDREWS, U.S. DISTRICT JUDGE:**

Before the Court is Defendants' Motion to Bifurcate. (D.I. 431). Plaintiff opposes. I have reviewed the parties' briefing. (D.I. 432, 449, 495).

### I.  BACKGROUND

Plaintiff Sprint Communications Company currently asserts claims from nine[1] patents against Defendants Charter Communications., Charter Communications Holdings, Spectrum Management Holding Company, Charter Communications Operating, and Bright House Networks, which I will refer to as Defendants or Charter. Plaintiff asserts that Defendants' Voice-over-IP ("VoIP") systems infringe these patents, which can be grouped into the Call Control Patents, the Broadband Patents, and the Enhanced Services Patent. The Call Control Patents are Nos. 6,452,932 ("the '932 Patent"), 6,463,052 ("the '052 Patent"), 6,633,561 ("the '3,561 Patent"), 7,286,561 ("the '6,561 Patent"), and 7,505,454 (the '454 Patent"). The Broadband Patents are Nos. 6,343,084 ("the '084 Patent"), 6,473,429 ("the '429 Patent"), and 6,298,064 ("the '064 Patent"). Patent No 6,697,340 ("the '340 Patent") is the Enhanced Services Patent.

### II.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 42(b), district courts may bifurcate issues into separate trials "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. Pro. 42(b). A district court has "broad discretion in separating issues and claims for trial as part of its wide discretion in trial management." *Gardco Mfg., Inc. v. Herst Lighting Co.*, 820

---

[1] Plaintiff asserted claims from eleven patents at the time of the briefing, but has since dismissed all claims of two of them. (*See* D.I. 432 at 2; D.I. 493). The reduction to nine patents has no impact on the analysis.

1

F.2d 1209, 1212 (Fed. Cir. 1987). When exercising this broad discretion, a district court "should consider whether bifurcation will avoid prejudice, conserve judicial resources, and enhance juror comprehension of the issues presented in the case." *Ciena Corp. v. Corvis Corp.*, 210 F.R.D. 519, 521 (D. Del. 2002). While district courts have such discretion, "bifurcation remains the exception rather than the rule.'" *SenoRx, Inc. v. Hologic, Inc.*, 920 F. Supp. 2d 565, 567 (D. Del. 2013) (quoting *Sepracor Inc. v. Dey L.P.*, 2010 WL 2802611 at *3 (D. Del. July 15, 2010)). "The party moving for bifurcation has the burden of establishing that it is appropriate." *Id.* In deciding whether to bifurcate, "the major consideration is directed toward the choice most likely to result in a just final disposition of the litigation." *In re Innotron Diagnostics*, 800 F.2d 1077, 1084 (Fed. Cir. 1986).

### III. ANALYSIS

Defendants move for trial to be bifurcated, with a first trial for liability and a second trial for damages and willfulness. (D.I. 432 at 1). Defendants probably could be clearer about what they mean by bifurcation. In their opening brief, they talk about "phasing" trials. (D.I. 432 at 1). But then they also discuss the second trial being before a second jury. (*Id.* at 12). In their reply brief, they discuss two trials but also talk about having the same jury decide everything in two stages. (D.I. 495 at 8). I treat the motion as though what Defendants request by asking for "bifurcation" is to have a second jury to decide damages and willfulness. I do not decide, for example, whether it would make sense to have one jury decide liability and damages in one phase and willfulness in a second phase.

### A. Avoiding Prejudice

Defendants' argument centers on prejudice, in that "[d]etails of all of [Plaintiff's] prior litigation successes so permeate its damages and willfulness theories that they cannot possibly be

tried together with liability." (D.I. 495 at 1). Defendants argue that Plaintiff's damages and willfulness theories are based on Plaintiff's past litigation victories and settlements. (D.I. 432 at 3-5). Defendants then contend that the use of these past litigation successes will bias and confuse the jury on the issue of liability. (*Id.* at 1). The crux of Defendants' argument is that they will not be able to get a fair trial on liability, as Plaintiff's introduction of successful jury verdicts in support of its damages and willfulness theories will prejudice the jury on liability and no curative instruction would mitigate such extreme and unfair prejudice. (*Id.* at 7-9). Plaintiff asserts that Defendants' arguments regarding the admissibility of prior verdicts and settlements is more appropriate for a motion *in limine* or other pre-trial motion. (*Id.* at 7-8).

A significant part of Defendants' argument concerns potential prejudice due to Plaintiff's use of prior litigation successes that "so permeate its damages and willfulness theories." (*See* D.I. 432 at 1-3, 8). In their Motion for Summary Judgment, Defendants argue that such evidence is irrelevant and an unreliable source in calculating damages. (D.I. 468 at 25-28). The Court is separately evaluating the merits of this argument and is excluding any evidence regarding prior litigation as to damages. Thus, such prejudice will not be a concern at least as to damages.  As to willfulness, there is no motion pending that addresses what I might or might not admit in regard to Plaintiff's proof of willfulness.  Thus, I think it would be premature to hold that the spectrum of willfulness evidence Plaintiff will seek to admit cannot be handled in such a way as to make less drastic remedies than bifurcation into two trials appropriate based on concerns about prejudice.

### B. Complexity

Defendants argue that bifurcation is warranted as the liability issues and damages theories are complex. (D.I. 432 at 2-3, 12). Defendants assert that this trial is particularly complicated and

3

technically involved based on Plaintiff's 3,271-page expert report on infringement that applies nine patents to five VoIP telephony network architectures. (*Id.* at 11; D.I. 495 at 5-7). Defendants also contend that Plaintiff's damages theories are complicated and involved. (*Id.* at 12). Plaintiff argues that Defendants have not shown that the case is so complex that it warrants bifurcation. (D.I. 449 at 4). Plaintiff maintains that the asserted patents come from three families and that all patents within the same family share the same specification. (*Id.* at 5). Plaintiff further contends that Defendants have not met their burden of showing that the telecommunications technology is so complicated that it would overwhelm the jury. (*Id.*).

      The Court is not persuaded that this action is so complex that bifurcation is necessary to prevent overwhelming the jury. While this case involves a lengthy expert report[2] and multiple patents and technologies, Defendants have not shown that there is anything overwhelmingly complex about the asserted patents or technologies. The nine asserted patents can be separated into three groups, with all the patents in each group having the same specification, which reduces the issues for trial. *See Crown Packaging Tech., Inc. v. Rexam Beverage Can Co.*, 498 F. Supp. 2d 734, 737-38 (D. Del. 2007). It is not uncommon for a patent jury trial to involve multiple patents and technologies. Further, patent cases typically involve complicated subject matter with which jurors are unfamiliar. *See SenoRx*, 920 F. Supp. 2d at 571 (no bifurcation in a patent case involving medical device engineering, brachytherapy, and radiation therapy). And, while damages calculations, including reasonable royalty and lost profits, are difficult, jurors are frequently required to make such calculations. *See id.*; *Sprinturf Inc. v. Sw. Recreational Indus.,*

---

[2] I note that Defendants argue that the expert report on infringement is 3,271 pages, while Plaintiff contends that only 1,534 pages of the report are relevant to Defendants. (D.I. 449 at 4). This dispute does not change the outcome of this issue.

*Inc.*, 2004 WL 96751, at *2 (E.D. Pa. Jan. 15, 2004) (denying bifurcation, in part, where defendants did not show which aspects of calculating reasonable royalty or lost profits damages would be too complex for jurors). "[T]he [C]ourt will not pre-judge the yet-unnamed jurors by assuming they are unable to digest the facts and law in this case." *Synopsys, Inc. v. Magma Design Automation*, 2006 WL 1452803, at * 4 (D. Del. May 25, 2006).

### C. Promoting Judicial Economy

Defendants also argue that bifurcation could conserve judicial resources by eliminating the need to try damages and willfulness if the jury finds no liability against Defendants. (D.I. 432 at 12). Defendants contend that "no quantum of inefficiency could warrant the prejudice [Defendants] would suffer." (D.I. 495 at 7). Plaintiff asserts that bifurcation would be inefficient and would waste judicial resources, due to the substantial overlap of evidence relevant to both liability and damages for non-infringing alternatives, willfulness/copying, and commercial success. (D.I. 449 at 8-9).

Defendants have not shown that bifurcation would promote judicial economy. The potential elimination of a second trial on damages and willfulness, should Defendants be found not liable, is not enough to show that judicial economy would be served through bifurcation. *See Masimo Corp. v. Philips Elecs. N. Am. Corp.*, 742 F. Supp. 2d 492, 497 (D. Del. 2010). Further, as Plaintiff has established, there are certain topics on which overlapping evidence would need to be presented twice if the trial was bifurcated. (*See* D.I. 449 at 8-9). "[A]n overlapping of issues is significant to the decision whether to bifurcate." *Willemijn Houdstermaatschaapij BV v. Apollo Computer Inc.*, 707 F. Supp. 1429, 1434 (D. Del. 1989). And, "the more two bifurcated trials would tread the same legal and evidentiary ground, the less it can be said that bifurcation would serve judicial efficiency." *SenoRx,* 920 F. Supp. 2d at 569. As there has been no showing that

5

bifurcation would promote judicial economy, and the presence of overlapping issues and evidence will not serve judicial efficiency, bifurcation would not conserve judicial resources.

### IV.  CONCLUSION

For the reasons cited above, Defendants' Motion to Bifurcate (D.I. 431) is denied.